IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

MICHELLE LEAL, )
)
   Plaintiff, )
)
v. ) Cause No.: 2:13-CV-318-WCL-PRC
)
TSA STORES, INC. d/b/a THE SPORTS )
AUTHORITY, URBAN EXPRESS )
ASSEMBLY, LLC and EAST COAST )
CYCLE SUPPLY, INC., )
)
   Defendants. )

## DEFENDANT'S, EAST COAST CYCLE SUPPLY, INC., RESPONSE IN OPPOSITION TO DEFENDANT'S, URBAN EXPRESS ASSEMBY, LLC, MOTION FOR SUMMARY JUDGMENT

### I. STATEMENT OF GENUINE DISPUTES

In its Brief in support of its Motion for Summary Judgment, moving defendant, Urban Express Assembly, admits that on February 1, 2011, it entered into an agreement with defendant, TSA Stores, to assemble bicycles for TSA Stores. Urban Express Assembly admits that plaintiff purchased a bicycle on July 27, 2011, from a Merrillville, Indiana TSA Store during the time period in which Urban Express Assembly was actively assembling bicycles for TSA Stores. Urban Express Assembly admits that on August 17, 2011, plaintiff was injured when the assembled handlebars on the purchased bicycle shifted and caused plaintiff to fall.

Despite these admissions, Urban Express Assembly contends it owes no duty to plaintiff because it simply cannot locate any paperwork that it assembled the bicycle at issue. However, Urban Express Assembly carefully limited the extent of its document search to a specific time period of March 6, 2011 through August 1, 2011, and, limited its purported search to only the

Merrillville, Indiana store. Urban Express Assembly does not profess to have searched for an assembly record for the entire month of February 2011, when its agreement with TSA Stores went into effect. Nor does Urban Express Assembly account for the fact that the bicycle at issue may have been assembled for any TSA Store *other than* the Merrillville, Indiana store and that the bicycle was then shipped from another TSA Store to the Merrillville store in order to meet customer demand or balance existing store inventory.

More importantly, Urban Express wholly ignores the fact that TSA Stores do not assemble the bicycles sold at their stores and the plaintiff denies that either she, or her husband, assembled the bicycle at issue. Thus, Urban Express Assembly was the only party who could have assembled the bicycle at issue; and TSA Stores has unequivocally stated so repeatedly in its responses to discovery. Therefore, these genuine disputes of material facts necessitate trial of this matter, to include Urban Express Assembly, and support this Court's denial of summary judgment for Urban Express.

## II. **STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated by the pleadings, answers to interrogatories, and affidavits that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Renovitch v. Kaufman*, 905 F.2d 1040, 1044 (7th Cir. 1990); *Branham v. Snow*, 392 F.3d 896, 901 (7th Cir.2004); *Windle v. City of Marion, Indiana*, 321 F.3d 658, 660–61 (7th Cir.2003), *cert. denied*, 540 U.S. 873, 124 S.Ct. 223, 157 L.Ed.2d 133 (2003). The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H.*

*Kress & Company*, 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142, 155 (1970); *Lawrence*, 391 F.3d at 841. The movant must point to those portions of the record which demonstrate the absence of any genuine issue of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), and the court must draw all reasonable inferences in favor of the non-movant. *See e.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991).

A fact is material if it is outcome determinative under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986); *Lawrence*, 391 F.3d at 841; *Hottenroth v. Village of Slinger*, 388 F.3d 1015, 1027 (7th Cir.2004); *Palmer v. Marion County*, 327 F.3d 588, 592 (7th Cir.2003). Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals a good faith dispute as to inferences to be drawn from those facts. *Spiegla v. Hull*, 371 F.3d 928, 935 (7th Cir.2004); *Hines v. British Steel Corporation*, 907 F.2d 726, 728 (7th Cir.1990). Furthermore, "mixed" questions of law and fact are generally inappropriate for summary disposition. *See U.S. ex rel. Cosey v. Wolff*, 682 F.2d 691, 693 (7th Cir. 1982). Only when the plaintiff cannot carry her burden of persuasion at trial on one or more elements is summary judgment ever appropriate for the defendant. *See generally Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). Additionally, a negligence action is rarely an appropriate case for disposal by summary judgment. *Downey v. Union Pacific Railroad*, 411 F.Supp 2d 977 (U.S.D.C. N. Dist. Hammond 2006).

### III. STATEMENT OF MATERIAL FACTS

Plaintiff alleges that defendant, Urban Express Assembly, LLC, was negligent in this case with regard to the assembly of a bicycle. (Tab 1, First Amended Complaint, ¶ 10) The

bicycle at issue was a K2 brand bicycle, serial number G100711036, which plaintiff purchased from a TSA (The Sports Authority) store located in Merrillville, Indiana. (Tab 2, correspondence from plaintiff's counsel to Urban Express Assembly, LLC, dated May 9, 2012) On February 1, 2011, Urban Express entered into a written agreement to assemble bicycles for TSA Stores. (Tab 3, Affidavit of Arthur Lagrega, ¶¶ 3 and 4)

The bicycle at issue was purchased on July 7, 2011. (Tab 3, Affidavit of Arthur Lagrega, ¶ 12) Urban Express reviewed its invoices for March 6, 2011 through August 1, 2011 for the Merrillville, Indiana TSA store, only. (Tab 3, Affidavit of Arthur Lagrega, ¶ 13) For the limited period of March 6, 2011 through August 1, 2011 and for the limited site of the Merrillville, Indiana TSA store only, Urban Express does not possess an invoice for the assembly of the K2 bicycle, serial number G100711036, at issue. (Tab 3, Affidavit of Arthur Lagrega, ¶ 14) Merely based upon the absence of such limited and select invoices, Urban Express does not believe it assembled the bicycle at issue. (Tab 3, Affidavit of Arthur Lagrega, ¶ 15)

On August 17, 2011, plaintiff, Michelle Leal, was injured riding the bicycle at issue, sold at TSA Merrillville, and assembled by Urban Express when the handlebar shifted suddenly causing plaintiff to fall. (Tab 1, First Amended Complaint, ¶ 5) Plaintiff did not, nor did her husband, assemble the bicycle or the bicycle handlebars at issue. (Tab 4, Plaintiff's Response to Defendant's Request for Admission 1) TSA/The Sports Authority does not assemble bicycles. (Tab 5, TSA Answer to Defendant's Interrogatory, 13) Of all persons, entities, businesses or subcontractors who may have assembled the bicycle at issue, TSA Stores identifies only Urban Express Assembly, LLC. (Tab 5, TSA Answer to Defendant's Interrogatory, 4, 8 and 13)

# IV. ARGUMENT

**There is a material issue of fact as to whether Urban Express assembled the bicycle at issue, which resulted in harm to the plaintiff, mandating denial of summary judgment.**

The moving party, Urban Express Assembly, admits that on February 1, 2011, it entered into an agreement with defendant, TSA Stores, to assemble bicycles for TSA Stores. Urban Express Assembly admits that the plaintiff purchased a bicycle on July 27, 2011, from a Merrillville, Indiana TSA Store during the time period in which Urban Express Assembly was actively assembling bicycles for TSA Stores. Urban Express Assembly admits that on August 17, 2011, plaintiff was injured when the assembled handlebars on the purchased bicycle shifted and caused plaintiff to fall.

Despite these admissions, Urban Express Assembly contends it owes no duty to plaintiff because it simply cannot locate any paperwork that it assembled the bicycle at issue. However, Urban Express Assembly carefully limited the scope and extent of its document search to a specific time period of March 6, 2011 through August 1, 2011, and, limited its purported search to only the Merrillville, Indiana store.

Urban Express Assembly does not profess to have searched for an assembly record for the entire month of February 2011 and the first days of March 2011, when its agreement with TSA Stores had originally gone into effect. Nor does Urban Express Assembly account for the fact that the bicycle at issue may have been assembled for *any* TSA Store *other than* the Merrillville, Indiana store and that the bicycle was then shipped from another TSA Store to the Merrillville store in order to meet customer demand or balance existing store inventory. Such a logistical business decision by TSA stores is a more than reasonable inference to be drawn from these facts- whether disputed or undisputed.

Most importantly, Urban Express wholly ignores the fact that TSA Stores do not assemble the bicycles sold at their stores; and the plaintiff denies that either she, or her husband, assembled the bicycle at issue. Thus, Urban Express Assembly was the only party who could have assembled the bicycle at issue; and TSA Stores has unequivocally stated so repeatedly in its responses to discovery.

Urban Express couches its argument in terms of a legal duty to plaintiff in order to render its position amenable to summary disposition as a pure question of law. However, as evidenced herein the question of whether Urban Express had a duty to plaintiff is a mixed question of both law and fact, with the factual questions pre-dominating such an analysis. The plaintiff carrying her burden of persuasion at trial as to Urban Express having been the only party who could have assembled the bike at issue will not only meet the element of duty, but also, satisfy the corresponding elements of breach, causation and damages against Urban Express.

These genuine disputes of material facts necessitate trial of this matter, to include Urban Express Assembly, and support this Court's denial of summary judgment for Urban Express.

Thus, because there is a genuine issue of material fact; a good faith dispute as to inferences to be drawn from any undisputed fact; and mixed questions of law and fact as to whether defendant, Urban Express Assembly, LLC, assembled the bicycle at issue which resulted in harm to the plaintiff, summary judgment for Urban Express must be denied.

## V. CONCLUSION

In this case, drawing all reasonable inferences in favor of the non-movant, there is, at best, a genuine issue of material fact as to whether defendant, Urban Express Assembly, LLC, assembled the bicycle at issue which resulted in harm to the plaintiff; and, at worst, even if the

facts are not in dispute, there is a good faith dispute as to inferences to be drawn from those facts and/or mixed questions of law and fact rendering summary judgment inappropriate.

Urban Assembly has wholly failed to meet its requisite burden and demonstrate by its tendered affidavit that it is entitled to judgment as a matter of law. As a result, the plaintiff can carry her burden of persuasion at trial on the elements of duty, breach, causation and damages in plaintiff's negligence action against Urban Express. Therefore, this Court should deny Urban Express, LLC's Motion for Summary Judgment.

Respectfully Submitted,

KOPKA, PINKUS, DOLIN & EADS, PC

By: /s/Brock P. Alvarado
Brock P. Alvarado (#16348-45)
9801 Connecticut Drive
Crown Point, IN 46307
Telephone: (219) 794-1888

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2014, I electronically served the foregoing upon Counsel of Record which sent notification to the following:

Colby A. Barkes
Blachly Tabor Bozik & Hartman
56 South Washington Street, Suite 401
Valparaiso, IN 46383
E-mail: cabarkes@lawyersonthesqaure.com

Daniel G. Suber
Daniel G. Suber & Associates
212 E. Lincolnway, Suite 201
Valparaiso, IN 46383
E-mail: suberlawgroup@aol.com

Rick Meils
Meils Thompson Dietz & Berish
Two Market Square Center
Indianapolis, IN 46204
E-mail: rmeils@meilsattorney.com

By: /s/ Brock P. Alvarado
Brock P. Alvarado