IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHELLE LEAL | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) Case No.: 2:13 CV 318 |
| TSA STORES, INC., d/b/a | ) |
| THE SPORTS AUTHORITY, | ) |
| URBAN EXPRESS ASSEMBLY, LLC, | ) |
| and EAST COAST CYCLE SUPPLY, INC. | ) |
| Defendants. | ) |

**REPLY OF DEFENDANT URBAN EXPRESS ASSEMBLY, LLC IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

Plaintiff Michelle Leal did not file a brief in opposition to the Motion for Summary Judgment filed by East Coast Cycle Supply, Inc., but Defendants TSA Stores, Inc. ("TSA") and East Coast Cycle Supply, Inc. ("ECCS") are attempting to keep Urban Express Assembly, LLC ("Urban Express") in the litigation. While the Co-Defendants take issue with the significance and quality of the evidence put forth by Urban Express in support of summary judgment, their responses are devoid of any contrary evidence that would create an issue of material fact. Accordingly, for the reasons set forth below and in its original Brief, Urban Express respectfully requests summary judgment in its favor on all counts of the Complaint.

**II. ARGUMENT**

It is important to note that the arguments advanced by ECCS and TSA center, essentially, on

the credibility and weight of Urban Express's evidence, and on speculation about what other, undeveloped evidence might show that Urban Express assembled the bicycle in question. ECCS suggests that the records of Urban Express, which begin shortly after the assembly contract began, are incomplete and are not a full set of the assembly records. ECCS says, without a shred of evidence, that Urban Express "carefully limited the extent of its document search." This is nothing but the supposition of counsel. To the contrary, there is no evidence that the assembly records relied upon by Urban Express are anything other than complete. Further, ECCS says that Urban Express did not account for the possibility that the bicycle was assembled at another TSA store and transported to the Merrillville store. This possibility is, apparently, the invention of counsel. There is no evidence in the record from any source that it was the practice of Urban Express to do this with inventory. The undisputed evidence is, indeed, to the contrary. Urban Express president Arthur Lagrega testified that under the TSA contract, "The assembly of the equipment would take place at the TSA location." (Lagrega affidavit ¶ 5). The Court may take judicial notice of the fact that the Merrillville TSA store is the only TSA store in Indiana. (http://www.stores.sportsauthority.com; last accessed on April 12, 2014). Certainly, there are a number of TSA stores located across the border in Chicago and its Illinois suburbs. Yet, in the absence of a shred of evidence that Urban Express was in the habit of transporting assembled bicycles between TSA stores, and in the face of Lagrega's uncontradicted testimony that assembly occurred at the relevant store, then it is unclear where ECCS's speculation would end. Would Urban Express have satisfied ECCS if it searched the records of the closest TSA store? The closest five TSA stores? Would searching the assembly records of all TSA stores within a 50 mile radius suffice? Is a nationwide search required? ECCS suggests that Urban Express has the obligation to refute ECCS's baseless speculation. This is not

the standard. Urban Express has stated a prima facie case for summary judgment. ECCS is obligation to come forward with contradictory evidence, not to imagine such evidence.

In its response, co-Defendant TSA Stores has designated an affidavit of its Merrillville store manager, Don Schmiege, who claims that all bicycles during the contract period (February 1, 2011 through the date of the sale) were assembled by either Urban Express employees or its contractor, Gulham Thomas. Even if true, this evidence does not create an issue of material fact that would allow the inference that Urban Express assembled the bicycles. As both TSA and ECCS have pointed out, the contract between TSA and Urban Express was not signed until February 1, 2011, just a few months before the Plaintiff purchased the bicycle. Both TSA and ECCS are putting forth a false dichotomy that the bicycle was assembled either by TSA or by Urban Express at some point after February 1, 2011. Both TSA and ECCS ignore a crucial third possibility, which is that the bicycle could have been within the inventory of TSA for months or even years before Urban Express ever had a relationship with TSA.

Quite simply, Urban Express has established a prima facie case for summary judgment. Urban Express has searched its records for the (relatively short) period of time between the beginning of its relationship with TSA and the purchase of the Plaintiff's bicycle. Urban Express's records demonstrate affirmatively that Urban Express did not assemble the bicycle. The affidavit of Arthur Lagrega, the president of Urban Express, includes a detailed discussion of Urban Express's record-keeping and that every bicycle assembly leads to the creation of an invoice. Obviously, this is an important step, because only after the creation of such a document and after the assembly of the bicycle does the TSA store manager "authorize payment to the vendor or associate for In-Store services rendered." (Lagrega Affidavit ¶ 9). TSA and ECCS dismiss the absence of an invoice as

if this were an unimportant or peripheral detail, but those invoices are how Urban Express is paid for its work.

Because Urban Express has met its *prima facie* burden, it is incumbent upon TSA or ECCS to come forward with evidence that would create an issue of material fact. Both co-Defendants have failed. ECCS has put forth nothing but speculation about what other documents in other stores might show. TSA has provided evidence that does not in any way contradict Urban Express's evidence. Even if TSA is correct that it never assembled bicycles during the period of the contract between TSA and Urban Express, that does not create an inference that Urban Express, which had been in a relationship with TSA only for a few months, assembled the specific bicycle purchased by the Plaintiff. TSA has attempted to limit the "relevant period" to the short period during which the Urban Express contract was in effect. In reality, the "relevant period" could include months or years before that.

The evidence designated by TSA and ECCS does not create an issue of material fact and does not contradict the essential evidence set forth by Urban Express.

### III. CONCLUSION

For the above reasons and for the reasons set forth in the original Brief, Urban Express respectfully requests summary judgment in its favor on all counts of the Complaint.

Respectfully submitted,

MEILS THOMPSON DIETZ & BERISH

By: /s/ John W. Mervilde
Rick D. Meils (#9130-49)
John W. Mervilde (#21738-49)
Attorneys for Defendant,
Urban Express Assembly, LLC

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served this April 14, 2014, via the Court's Electronic Case Filing system, upon:

Colby A. Barkes
cabarkes@lawyersonthesquare.com
arc@lawyersonthesquare.com
ccumpton@lawyersonthesquare.com
dberryman@lawyersonthesquare.com

Daniel G. Suber
suberlawgroup@aol.com
mtaylor@suberlawgroup.com

Brock P. Alvarado
bpalvarado@kopkalaw.com

/s/ John W. Mervilde

Rick D. Meils
John W. Mervilde
MEILS THOMPSON DIETZ & BERISH
Two Market Square Center, #830
251 East Ohio Street
Indianapolis, IN 46204