## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

MICHELLE LEAL,                                    )
                                                  )
    Plaintiff,                 )
                                                  )
    v.                         )    Cause No.:  2:13-CV-318-WCL-PRC
                                                  )
TSA STORES, INC. d/b/a THE SPORTS                 )
AUTHORITY, URBAN EXPRESS                          )
ASSEMBLY, LLC and EAST COAST                      )
CYCLE SUPPLY, INC.,                               )
                                                  )
    Defendants.                )

### DEFENDANT'S, EAST COAST CYCLE SUPPLY, INC., SUR-RESPONSE IN OPPOSITION TO DEFENDANT'S, URBAN EXPRESS ASSEMBY, LLC, MOTION FOR SUMMARY JUDGMENT

Given that movant, Urban Express Assembly, has not requested oral argument or hearing upon its motion for summary judgment pursuant to L.R. 7.5, East Coast Cycle Supply, pursuant to L.R.7.1 and L.R 56.1, finds it necessary to tender its sur-response to ensure all pertinent facts and argument are before this Court for its consideration.

In its reply, Urban Express Assembly fails to cite any legal authority to buttress its position. Rather, Urban Express' reply devotes the entirety of its four (4) pages solely to factual disputes regarding the assembly of the bicycle at issue. Thus, by its very sum and substance, Urban Express' reply underscores that the dispute between the parties in this case is factual and material rather than a question of law. Hence, Urban Express' motion for summary judgment must be denied. Further, neither in its motion nor reply does Urban Express set forth a Statement of Material Facts which it contends are not genuinely disputed, as required by L.R. 56.1(a).

Finally, Urban Express terms East Coast Cycle Supply's denoted disputed material factual issues 'supposition', invention of counsel', baseless speculation', and 'false dichotomy' given the lack or absence of Urban Express' bicycle assembly records. However, as far back as February 21, 2014, East Coast Cycle Supply has specifically requested from Urban Express the production of documents bearing directly and supportive of its factual dispute that Urban Express was the assembler of the bicycle at issue. (Tab A)  However, as recent as April 3, 2014, Urban Express has refused or failed to provide the requested documents. (Tab B) Thus, any 'supposition', invention of counsel', baseless speculation', or 'false dichotomy' is the result of Urban Express' own action or inaction. Therefore, Urban Express' motion for summary judgment must be denied, at least until discovery has been fully completed, as granting of summary judgment is simply premature at this early junction of the case.

Respectfully Submitted,

KOPKA, PINKUS, DOLIN & EADS, PC

By:     /s/Brock P. Alvarado
          Brock P. Alvarado (#16348-45)
          9801 Connecticut Drive
          Crown Point, IN  46307
          Telephone:  (219) 794-1888

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2014, I electronically served the foregoing upon Counsel of Record which sent notification to the following:

Colby A. Barkes
Blachly Tabor Bozik & Hartman
56 South Washington Street, Suite 401
Valparaiso, IN  46383
E-mail: cabarkes@lawyersonthesqaure.com

Daniel G. Suber
Daniel G. Suber & Associates
212 E. Lincolnway, Suite 201
Valparaiso, IN  46383
E-mail:  suberlawgroup@aol.com

Rick Meils
Meils Thompson Dietz & Berish
Two Market Square Center
Indianapolis, IN  46204
E-mail:  rmeils@meilsattorney.com

By: /s/ *Brock P. Alvarado*
Brock P. Alvarado