IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHELLE LEAL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>) Case No.: 2:13 CV 318<br>TSA STORES, INC., d/b/a )<br>THE SPORTS AUTHORITY, )<br>URBAN EXPRESS ASSEMBLY, LLC, )<br>and EAST COAST CYCLE SUPPLY, INC. )<br>)<br>Defendants. ) | |

**URBAN EXPRESS ASSEMBLY, LLC'S SUPPLEMENTAL BRIEF IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

The Court has asked the parties to file supplemental briefs regarding whether, as the Court ruled in *Meinert v. United States Steel Corp.*, 2014 WL 772613 (February 25, 2014), co-Defendants lack standing to object to the motion for summary judgment filed by Defendant Urban Express Assembly, LLC ("Urban Express"), because the Plaintiff did not file a response in opposition. As is discussed in more detail below, *Meinert* and related cases make clear that in the vast majority of circumstances, federal courts have determined that a defendant lacks the ability to keep a co-defendant in the litigation when the plaintiff has not opposed summary judgment. Even if the co-Defendants' responses are considered, Urban Express is entitled to judgment as a matter of law, because neither of the co-Defendants has raised an issue of material fact. Nevertheless, their responses should not be considered, at least not for the purpose of keeping Urban Express in the litigation as a party Defendant.

## II. FACTS AND PROCEDURAL HISTORY

This matter, which arises from a bicycle accident involving Plaintiff Michelle Leal, has been pending since February 2013, when Plaintiff Michelle Leal filed suit against Urban Express and TSA Stores, Inc., in the Porter (Ind.) Superior Court. Later the Plaintiff sued East Coast Cycle Supply, Inc., which removed the matter to this Court. Before removal, on September 5, 2013, Urban Express filed a motion for summary judgment because the undisputed evidence demonstrated that Urban Express did not assemble the bicycle purchased on behalf of the Plaintiff. On October 8, 2013, Plaintiff moved for a 90 day extension of time in which to respond to the motion for summary judgment, ostensibly so that Plaintiff could conduct additional discovery. (Document 9). In a minute entry on October 16, 2014, the Court stayed all briefing on the motion for summary judgment. The Court then conducted an initial pretrial conference on December 12, 2013, and ordered, among other things, that responses to Urban Express's motion for summary judgment were due on April 1, 2014. (Docket 16). The Plaintiff did not take any depositions and did not issue written discovery, although Urban Express took the deposition of the Plaintiff and East Coast Cycle Supply issued written discovery to Urban Express and others. (Documents 49-1, 49-2, 49-3). On April 1, 2014, Defendants ECCS and TSA filed responses in opposition to Urban Express's motion for summary judgment, but Plaintiff filed nothing. In its order of May 14, 2014, the Court ordered the parties to brief the issue of whether co-Defendants have standing to oppose summary judgment when the Plaintiff has not objected (Document 52).

# III. ARGUMENT

## A. UNDER FED. R. CIV. P. 56, CO-DEFENDANTS HAVE NO STANDING TO OBJECT TO A MOTION FOR SUMMARY JUDGMENT

The weight of the federal case law in this district and elsewhere provides that a co-defendant has no standing or basis to oppose summary judgment in favor of a co-defendant when the plaintiff does not oppose summary judgment.

In its May 14 order, the Court noted two recent decisions of this Court, *Meinert v. U.S. Steel Corp.*, 2014 WL 772613 (N.D. Ind. Feb. 25, 2014), and *Rosenbaum v. Freight, Lime & Sand Hauling, Inc.*, 2012 WL 4832248 (N.D. Ind. Oct. 10, 2012). *Meinert*, the most recent of the two cases, was procedurally quite similar to this case. It was a personal injury suit brought under Indiana state law theories of negligence, products liability, and breach of warranty. *Meinert* originally was filed in the Lake (Ind.) Circuit Court and removed to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. The Court in *Meinert* noted the lack of authority from any federal circuit court on this issue, but adopted the reasoning of the Court in *Rosenbaum*.

*Rosenbaum* concerned a car-truck collision. Like *Meinert* and like this case, *Rosenbaum* initially was filed in state court and was removed to this Court solely on the basis of diversity jurisdiction. Judge Lozano first noted that cases decided by Indiana state courts are inapposite, because "the issue before the Court is a matter of procedural law" relating to the interpretation of Fed. R. Civ. P. 56. *Id.* In other words, even though Indiana substantive law will dictate the outcome of this case on the merits (as in *Meinert* and *Rosenbaum*), federal procedural law governs. Judge Lozano noted that under Fed. R. Civ. P. 56, according to the 2007 Advisory Committee Notes, a party for the purposes of Rule 56 is defined as "a party claiming relief and a party against whom

relief is sought." The Court in *Rosenbaum* relied on *Blonder v. Casco Inn Residential Care, Inc.*, 2000 WL 761895 (D. Me. May 4, 2000), and noted that the weight of authority on this point seems to weigh against standing to oppose summary judgment. Judge Lozano cited the following rationale from *Blonder*:

> Rule 56 is intended to avoid trial when appropriate and to bring about summary justice whenever legally proper. Requiring Plaintiff to prosecute her claims against Defendants ... when she no longer believes such claims to be viable would be contrary to the principle of Rule 56 that trials (or portions thereof) should be avoided when appropriate. *Id.*

In short, because the Plaintiff is the master of her Complaint, it is her decision whether to attempt to keep a Defendant in the litigation. In this case, the Plaintiff had nearly seven months to consider the merit of Urban Express's summary judgment motion. Plaintiff filed no response. As the master of her Complaint, it was the Plaintiff's obligation to come forward within the allotted time to demonstrate a basis for keeping Urban Express in the litigation. She did not file a response, and did not even conduct any discovery.

The remaining Defendants are not necessarily without remedy. Because this claim is brought under Indiana law, the Indiana Comparative Fault Act, Indiana Code § 34-51-2-1 *et. seq*., applies. The Comparative Fault Act eliminated common law concepts such as contributory negligence as a bar to liability, contribution, and many affirmative defenses. Pursuant to Indiana Code § § 34-51-2-14 and 34-51-2-15, a defendant may assert, as an affirmative defense, that a plaintiff's damages were caused by a person or entity who is not a party to the action. At trial, a jury allocates fault by percentage to each party and nonparty based upon actual fault. Indiana Code § § 34-51-2-8. Pursuant to *Rausch v. Reinhold*, 716 N.E.2d 993, 1001 (Ind. Ct. App. 1999), and other Indiana authority, so long as a remaining defendant does "something" (such as file an objection or preserve

the defense by agreement), a dismissed defendant may be the subject of a nonparty defense. Finally, Indiana Code § 34-51-2-12 provides that there is no contribution among tortfeasors and therefore there is no obvious basis for crossclaims among co-Defendants.

Because they are not necessarily foreclosed from attempting a nonparty defense, and because of the absence of a right of contribution among tortfeasors under Indiana law, neither TSA nor ECCS has any interest in whether Plaintiff recovers from Urban Express. The Defendants can, if they believe such a defense has merit, seek leave of the Court to assert a nonparty defense. The Plaintiff, who has done nothing to suggest a belief that Urban Express is liable, would have the opportunity to dispose of the nonparty defense via her own motion for summary judgment (the dispositive motions deadline is December 1, 2014).

In short, the Plaintiff had ample opportunity to object the motion for summary judgment filed by Urban Express and chose not to file such a response. The Defendants lack standing to oppose summary judgment in favor of Urban Express and would not be prejudiced by a grant of summary judgment to Urban Express. Accordingly, even before consideration of the merits of Urban Express's motion for summary judgment, Urban Express is entitled to summary judgment because of the Plaintiff's lack of a timely objection.

## IV. CONCLUSION

For the above reasons and for the reasons set forth in earlier briefs, Urban Express respectfully requests summary judgment.

Respectfully submitted,

MEILS THOMPSON DIETZ & BERISH


By:    */s/ John W. Mervilde*
       Rick D. Meils (#9130-49)
       John W. Mervilde (#21738-49)
       Attorneys for Urban Express Assembly, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2014, a copy of the foregoing document was served via the Court's ECF system upon:

Colby A. Barkes
BLACHLY TABOR BOZIK & HARTMAN
cabarkes@lawyersonthesquare.com, arc@lawyersonthesquare.com,
ccumpton@lawyersonthesquare.com, dberryman@lawyersonthesquare.com


Daniel G. Suber
Lizabeth Hopkins
Kathryn C. Adams
DANIEL G. SUBER & ASSOCIATES
suberlawgroup@aol.com, mtaylor@suberlawgroup.com

Brock P. Alvarado
KOPKA PINKUS DOLIN & EADS, PC
bpalvarado@kopkalaw.com


       */s/ John W. Mervilde*
       John W. Mervilde (#21738-49)

Rick D. Meils
John W. Mervilde
MEILS THOMPSON DIETZ & BERISH
Two Market Square Center
251 East Ohio Street, Suite 830
Indianapolis, IN 46204
317/637-1383