IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| MICHELLE LEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No.: 2:13 CV 318 |
| TSA STORES, INC., d/b/a | ) | |
| THE SPORTS AUTHORITY, | ) | |
| URBAN EXPRESS ASSEMBLY, LLC, | ) | |
| and EAST COAST CYCLE SUPPLY, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**URBAN EXPRESS ASSEMBLY, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE BELATED SUMMARY JUDGMENT RESPONSE**

Over nine months after Urban Express filed its motion for summary judgment and over two months after responses were due, the Plaintiff now seeks leave of the Court to file a belated response to Urban Express's motion. Urban Express respectfully requests that the Plaintiff's motion be denied.

The procedural history of Urban Express's motion for summary judgment is set forth in detail on page 2 of Urban Express's supplemental brief (Document 54), and therefore will not be recited here, except to note that the Plaintiff had ample opportunity to reply to the motion for summary judgment. Nearly seven months elapsed between the September 5, 2013 filing and the April 1, 2014 response deadline. Conspicuously absent from Plaintiff's motion is any explanation for why the Plaintiff, after seeking additional time to conduct discovery, did not file a timely response. Instead, the Plaintiff simply notes that co-Defendants TSA and ECCS do not object to the Plaintiff being

1

given leave to file the response. This is unsurprising, because TSA and ECCS already filed responses to the motion for summary judgment. Given the holding of the Court in *Meinert v. U. S. Steel Corp.*, 2014 WL 772613 (Feb. 25, 2014), however, the co-Defendants' position is not pertinent. (Although the Court allowed all parties until June 13, 2014 in which to file briefs regarding the applicability of *Meinert* to the case at hand, only Urban Express filed a brief. This would appear to be an implicit concession by Plaintiff, TSA, and ECCS that the co-Defendants have no standing to oppose the motion for summary judgment).

Finally, the Plaintiff's motion repeatedly refers to "cross-motions," noting, for instance, that leave is sought: "[i]n order to increase judicial efficiency and dispense with the need for Defendants, TSA and East Coast to file cross motions to preserve their individual responses to Urban Express' Motion for Summary Judgment." (Doc. 53, at ¶ 4). Neither the Court's order, nor *Meinert*, nor *Rosenbaum v. Freight, Lime & Sand Hauling, Inc.*, 2012 WL 4832248 (N.D. Ind. Oct. 10, 2012), say anything about "cross-motions." In all three instances, the Court noted that a co-defendant might have standing to oppose a motion for summary judgment if there were crossclaims pending among the defendants. In this case, however, as is discussed in Urban Express's supplemental brief, the Defendants have not filed crossclaims against each other and there is no apparent basis for such crossclaims under contract or Indiana common law. Plaintiff identifies the supposed hassle associated with filing "cross-motions" as a reason for allowing this belated summary judgment response, but the primary roadblock to the filing of crossclaims is that they would be without merit.

Finally, the Plaintiff contends that Urban Express would not be prejudiced by this belated response. To the contrary, Urban Express sought summary judgment over nine months ago, and Plaintiff now seeks to extend briefing even further into the future. Urban Express has incurred

significant litigation costs and attorneys' fees during the pendency of its motion for summary judgment. Still, no party has been able to come forward with any evidence that would contradict Urban Express's records, which show that they did not assemble the bicycle in question. The Plaintiff does not advance any new facts in her proposed summary judgment response. Rather, she relies heavily on what TSA and ECCS already have filed. The Plaintiff repeats ECCS's contentions that Urban Express is hiding something by referring, in an affidavit, to bicycles assembled between March 6, 2011 and July 1, 2011, and also suggests an obligation to have searched the records of other stores despite no evidence that store-to-store exchanges of assembled bicycles occurred. To the extent there was any merit to such suspicions when ECCS first raised them, that issue has been addressed in subsequent filings, most notably in a discovery response signed under oath and already before the Court, in which Urban Express said:

> Urban Express has searched the invoices not only for the Merrillville, Indiana store (the only serviced store in Indiana), but for all of the stores that it services in Illinois. Urban Express has found no evidence that it assembled the bicycle at issue in this litigation. Further, the invoices attached to this Response, the earliest of which was generated on March 6, 2011, are the only invoices generated from the Merrillville, Indiana TSA store from the beginning of the contractual relationship on February 1, 2011 through August 1, 2011. (Document 49-2).

The accusation by ECCS was unfounded when it was made; it is particularly surprising that the Plaintiff has decided to recycle this accusation in the face of undisputed evidence to the contrary. The prejudice is that Urban Express, if the Plaintiff's motion is granted, is going to have to restart the summary judgment process from square one, and several months after the Plaintiff could have responded.

Quite simply, the Plaintiff has provided no reason for its failure to respond to the motion for summary judgment in a timely fashion. The motion for leave to file a belated response should be

denied.

>Respectfully submitted,
>
>MEILS THOMPSON DIETZ & BERISH
>
>By: */s/ John W. Mervilde*
>Rick D. Meils (#9130-49)
>John W. Mervilde (#21738-49)
>Attorneys for Urban Express Assembly, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2014, a copy of the foregoing document was served via the Court's ECF system upon:

Colby A. Barkes
BLACHLY TABOR BOZIK & HARTMAN
cabarkes@lawyersonthesquare.com, arc@lawyersonthesquare.com,
ccumpton@lawyersonthesquare.com, dberryman@lawyersonthesquare.com

Daniel G. Suber
Lizabeth Hopkins
Kathryn C. Adams
DANIEL G. SUBER & ASSOCIATES
suberlawgroup@aol.com, mtaylor@suberlawgroup.com

Brock P. Alvarado
KOPKA PINKUS DOLIN & EADS, PC
bpalvarado@kopkalaw.com

>*/s/ John W. Mervilde*
>John W. Mervilde (#21738-49)

Rick D. Meils
John W. Mervilde
MEILS THOMPSON DIETZ & BERISH
Two Market Square Center
251 East Ohio Street, Suite 830
Indianapolis, IN 46204
317/637-1383