IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| MICHELLE LEAL, | ) | |
|     Plaintiff | ) | |
| | ) | |
|   -v- | ) | Cause No. 2:13-cv-318 |
| | ) | |
| TSA STORES, INC., d/b/a | ) | |
| THE SPORTS AUTHORITY, | ) | |
| et al., | ) | |
|     Defendants. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT URBAN EXPRESS ASSEMBLY, LLC's MOTION FOR SUMMARY JUDGMENT**

Come now, the Plaintiff and files her Reply in Support of Plaintiff's Motion for Leave of Court to file Plaintiff's Response in Opposition to Defendant, Urban Express Assembly, LLC's Motion for Summary Judgment, and states as follows:

Defendant Urban Express Assembly LLC ("Urban Express") asserts the time since originally filing its motion for summary judgment as a justification for this Honorable Court to deny Plaintiff's motion for leave for its response. [DE#55 pp.1&2--Urban Express' Resp. in Opposition to Pl.'s Mot. For Leave to File Belated Summ. J. Resp. ("Response")] Urban Express particularly focuses on the nine (9) month period between the original filing of the summary judgment motion and the present. [DE#55 p.2--Response] However, Urban Express' Response ignores the procedural history justifying the delay for all parties to respond. Foremost, Urban Express filed its Motion prior to this action being removed to federal court. [See, DE#3 Notice of Removal filed Sept. 10, 2013] At the time of removal, no party was permitted to conduct discovery until after the Court and parties participated and conducted the necessary conferences required prior to the Court's FRCP Rule 16 Pretrial Conference and Order which pretrial

1

conference was not conducted until December 12, 2013. [See, DE#25, dated Dec. 13, 2013] At that time, without objection noted in the record, all Parties acknowledged the need for some discovery to be permitted before responding to Urban Express' motion for summary judgment by or before April 14, 2014. [DE#25] The delay before a response by any party was justified by the procedural history in this case, and Urban Express did not assert any objection to the same as the delay was reasonable and justified in the circumstances.

Moreover, other Defendants in this case sought extensions of time in order to respond to Urban Express' motion for summary judgment. In particular, East Coast Cycle Supply, Inc. ("ECCS"), specifically requested an extension in order to respond, and the same was granted by this Honorable Court. [See, DE#6 & DE#14--Minute Order dated Oct.14, 2013] Implicitly, Urban Express was on notice of Co-defendants' desire to file responses and did not raise a standing objection to the either the motion for extension and/or to the Court's grant of the extension of time in which to respond to the motion for summary. Notably these extensions, and the Court's grant of ECCS's motion for extension of time to respond to the Urban Express' motion for summary judgment predated the ruling in Meinert v. US Steel Corp., 2014 WL 772613 (Feb. 25, 2014). As the Court noted in its Order, the ruling in Meinert determines that Co-defendants lack standing to oppose a motion for summary judgment when Plaintiff has not filed a response thereto and where no cross-claims have been filed amongst Defendants. [See, DE#52] This Honorable Court's Order also permitted the Parties to file supplemental briefs in order to address the recent holding in Meinert and this Honorable Court indicated that the Plaintiff had the same thirty (30) days in which to seek leave to file a Response in opposition to Urban Express' Motion for Summary Judgment. [DE#52] Plaintiff filed her motion for leave on June 13, 2014, and attached her Response in opposition to the motion for summary judgment as

an exhibit. [See, DE#53]

Urban Express also suggests the original motion for leave improperly identified "cross-motions" as cross claims. [DE#55 p.2--Response] Urban Express further notes that Meinert did not address cross-motions but rather cross-claims. [DE#55 p.2--Response] This objection is well taken. The Plaintiff's Motion for leave identified cross-motions in several areas referring to presumably a cross-motion for leave sought by respective counsel for TSA Stores Inc. d/b/a The Sports Authority ("TSA") and ECCS to add cross-claims. Ultimately, for standing purposes under Meinert, it is correct that for TSA and ECCS to oppose a summary judgment motion, when plaintiff does not respond, TSA and ECCS would need to file a cross-claim and not a cross-motion. (The objection actually underscores the point regarding judicial efficiency where cross-motions followed by cross-claims ultimately leading to summary judgment responses are avoided by permitting the Plaintiff's motion for leave and response.) Urban Express thereafter suggests the primary roadblock to a cross claim by either TSA or ECCS is that a cross-claim would be without merit. Plaintiff will not respond to this contention in reply except to suggest that several arguments asserted in the Plaintiff's Response in opposition to Urban Express' motion for summary judgment sound or rely on the contract between Urban Express and TSA. [DE#53] A cross-claim on contractual issues may have merit sufficient for a claim by TSA where Urban Express assumed a duty to assemble finished products. However, Plaintiff has neither standing nor desire to assert TSA's contractual claims.

Speculating as to the merits of a cross-claim is unnecessary for the motion at bar and so is the Court reviewing the merits of the actual motion for summary judgment and/or response as it has been invited to do by Urban Express. Urban Express, after making the above claims regarding procedural history and Meinert, that it failed to assert until now, then suggests the actual

Response should fail based on the merits of Plaintiff's Response itself. Of course this is an argument that Urban Express can make in a Reply Brief, and should not be addressed in considering Plaintiff's motion for leave. In fact, Urban Express making the argument that Plaintiff's Response would be defeated illustrates the lack of harm Urban Express suffers as a result of permitting the Plaintiff's Motion for leave. As noted by Urban Express [DE#55 p.3--Response], Plaintiff relied heavily on TSA's and ECCS's previously filed responses. Importantly, Urban Express, without asserting any standing argument, has already responded to those motions and therefore, there is no additional harm to requiring a Reply from Urban Express to Plaintiff's essentially identical Response. [See, DE#43]

**WHEREFORE**, the Plaintiff, by counsel, respectfully requests this Honorable Court enter an order granting Plaintiff's Motion for Leave of Court to file Plaintiff's Response in Opposition to Defendant's, Urban Express Assembly, LLC, Motion for Summary Judgment, and for all other relief this Honorable Court deems appropriate and necessary.

                          Respectfully Submitted,

                          BLACHLY, TABOR, BOZIK & HARTMAN

                          /s/ Colby A. Barkes
                          Colby A. Barkes (Atty. No. 26251-64)
                          56 South Washington St., Suite 401
                          Valparaiso, In 46383
                          Tel: (219) 464-1041
                          Fax: (219) 464-0927
                          cabarkes@lawyersonthesquare.com

**CERTIFICATE OF SERVICE**

I certify that on the 30th day of June 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification to the following CM/ECF participants: Daniel G. Suber: Suberlawgroup@aol.com; Brock P. Alvarado: bpalvarado@kopkalaw.com and Rick D. Meils: rmeils@meilsattorney.com

                                                      BLACHLY, TABOR, BOZIK & HARTMAN

                                                      By:     /s/ Colby A. Barkes