UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| MICHELLE LEAL, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 2:13-CV-318-WCL-PRC |
| | ) | |
| TSA STORES, INC. d/b/a THE SPORTS | ) | |
| AUTHORITY, URBAN EXPRESS | ) | |
| ASSEMBLY, LLC, and EAST COAST | ) | |
| SUPPLY, INC., | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint [DE 47], filed on April 30, 2014. This matter became fully briefed on May 9, 2014.

### I. Background

This is a personal injury case involving a bike wreck allegedly caused by faulty parts and assembly. Defendant East Coast Cycle Supply, Inc. (East Coast) filed its Third Amended Answer on March 28, 2014, and Defendant TSA Stores, Inc. filed an Amended Answer on April 16, 2014. Both Answers allege that any damages and injuries Plaintiff sustained were caused by a handful of non-parties. Plaintiff seeks leave under Federal Rule of Civil Procedure 15 to amend her Complaint so that she can name these non-parties as Defendants.

### II. Analysis

East Coast objects that the motion is untimely under Federal Rule of Civil Procedure 15(a) and that allowing the amendment would be futile since the claims Plaintiff seeks to bring against the proposed Defendants are barred by the applicable statute of limitations and because the proposed Complaint would not relate back under Rule 15(c)(1). The Court considers each objection in turn.

*1. Timeliness*

East Coast contends that the motion was untimely under Federal Rule of Civil Procedure 15(a)(1)(B), which provides that parties may amend their pleadings as a matter of course within "21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1)(B). But Plaintiff seeks leave to amend, not under Rule 15(a)(1), but under Rule 15(a)(2), which allows amendment with the Court's leave. Fed. R. Civ. P. 15(a)(2). The deadline for Plaintiff to file motions for leave to amend pleadings was April 30, 2014—the same day Plaintiff filed this motion. It is timely, and East Coast's objection is accordingly overruled.

*2. Statute of Limitations and Relation Back under Rule 15(c)*

East Coast also contends that leave to amend should not be granted because the motion comes some eight months outside the two year statute of limitations and because Plaintiff offers no proof that her Amended Complaint could relate back under Federal Rule of Civil Procedure 15(c).

The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). If the underlying facts or circumstances relied upon by a party are a potentially proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). But leave to amend is inappropriate when, as Defendants contend is the case here, the amendment would be futile. *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183). A motion for leave to amend may be properly denied as futile if the proposed amendment could not withstand a motion to dismiss. *See Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993); *Arazie v. Mullane*, 2 F.3d 1456, 1464 (7th Cir. 1993).

To withstand a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

East Coast contends, in essence, that no such reasonable inference could be drawn because the motion comes eight months too late. *See* Ind. Code § 34-11-2-4 (An action for . . . injury to person . . . must be commenced within two (2) years after the cause of action accrues."). A contention that a claim is barred by the statute of limitations is, however, an affirmative defense, and a plaintiff does not have to "anticipate or overcome" it in the complaint. *Covington v. Mitsubishi Motor Mfg. of Am., Inc.*, 154 F. App'x 523, 524 (7th Cir. 2005) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Xechem, Inc. v. Bristol–Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004)); Fed. R. Civ. P. 8(c). The burden of an affirmative defense rests upon the party seeking the benefit. *See MNW, LLC v. Mega Auto Grp., Inc.*, 884 F. Supp. 2d 740, 754 (N.D. Ind. 2012) (citing *GKC Ind. Theatres, Inc. v. Elk Retail Investors, LLC*, 764 N.E.2d 647, 653 (Ind. Ct. App. 2002)).

A complaint does not fail under the motion to dismiss standard simply because a "defense is potentially available." *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). Rather, dismissal based upon "an affirmative defense is appropriate only where the plaintiff pleads himself out of court by 'admit[ting] all the ingredients of an impenetrable defense.'" *Covington*, 154 F. App'x at 524–25 (7th Cir. 2005) (quoting *Xechem*, 372 F.3d at 901). In such a case, the affirmative defense's merit must be "apparent from the complaint itself" and "unmistakable." *Walker v.*

3

*Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002). This is not the case here since there are a number of potential reasons why the statute of limitations might not bar the claim. For instance, it might be that Plaintiff has (or will have) evidence that satisfies the requirements of the relation-back provisions of Federal Rule of Civil Procedure 15(c). The proposed amendments are accordingly not futile, and East Coast's objections are hence premature.

### III. Conclusion

For these reasons, the Court **GRANTS** Plaintiff's Motion for Leave to File Second Amended Complaint [DE 47] and **ORDERS** Plaintiff to file her Second Amended Complaint upon receipt of this Opinion and Order.

SO ORDERED this 30th day of July, 2014.

                                       s/ Paul R. Cherry
                                       MAGISTRATE JUDGE PAUL R. CHERRY
                                       UNITED STATES DISTRICT COURT

cc: All counsel of record