**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| MICHELLE LEAL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No.: 2:13 CV 318 |
| TSA STORES, INC., d/b/a | ) | |
| THE SPORTS AUTHORITY, | ) | |
| URBAN EXPRESS ASSEMBLY, LLC, | ) | |
| and EAST COAST CYCLE SUPPLY, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY OF DEFENDANT URBAN EXPRESS ASSEMBLY, LLC IN SUPPORT OF ITS**
**MOTION FOR SUMMARY JUDGMENT**

**I.  INTRODUCTION**

Over a year ago, when moving for summary judgment in the Porter Superior Court before

removal of the case to this Court, Urban Express came forward with affirmative and undisputed

evidence that it did not assemble the bicycle that Plaintiff Michelle Leal was riding on the date of

her accident.  Despite the passage of time and ample opportunity to conduct additional discovery,

neither the Plaintiff nor any other party has found any evidence that either refutes the evidence

designated by Urban Express or that in any way shows that Urban Express assembled the bicycle.

The Plaintiff has now filed a response in opposition to Urban Express's motion, but that response

simply recycles the arguments and allegations of a response filed by East Coast Cycle Supply several

moths ago.  Those arguments and allegations have been rendered inoperative by additional

undisputed evidence that was filed long before the Plaintiff filed her summary judgment response.

The evidence is clear. Urban Express has conducted a search of the records of its Merrillville, Indiana store and all of its Illinois stores. Urban Express is paid by the piece and therefore has a strong incentive to keep such records, but its records show that it did not assemble the bicycle ridden by the Plaintiff on the date of her accident. That evidence remains unrefuted. Accordingly, Urban Express is entitled to summary judgment.

## II. THE PLAINTIFF'S ARGUMENT IGNORES EVIDENCE FILED MONTHS AGO

According to the Plaintiff, the essence of Urban Express's argument is that it "cannot locate any paperwork" showing that it assembled the bicycle. Plaintiff further claims, with no evidentiary support for such an accusation, that Urban Express "carefully limited the extent of its document search" to invoices generated after March 6, 2011, and to its Merrillville store instead of searching the records of any number of other stores. These arguments are borrowed from a brief that co-Defendant East Coast Cycle Supply filed on April 10, 2014 [Dkt. 38]. To the extent that those arguments had any validity when made months ago by ECCS, they have been nullified by evidence filed subsequently. In a verified discovery response filed with the Court on May 5, 2014 (Dkt. 49-2), Urban Express said:

> Urban Express has searched the invoices not only for the Merrillville, Indiana store (the only serviced store in Indiana), but for all of the stores that it services in Illinois. Urban Express has found no evidence that it assembled the bicycle at issue in this litigation. Further, the invoices attached to this Response, the earliest of which was generated on March 6, 2011, are the only invoices generated from the Merrillville, Indiana TSA store from the beginning of the contractual relationship on February 1, 2011 through August 1, 2011.[1]

In other words, Urban Express has, by affirmative testimony, refuted the two key elements of the

---

[1] The referenced invoices are attached to another request for production response served contemporaneously and filed with the Court as Dkt. 49-3.

Plaintiff's argument. First, the search for invoices was not "carefully limited." Urban Express has no invoices at all from the Merrillville store for the first 5 weeks of the relationship between TSA and Urban Express. The March 6 start date for the group of invoices is not because of any limitation of the search, but because there apparently were no bicycles assembled by Urban Express between February 1 and March 5, 2011 (it is utterly unsurprising that a sporting goods store would not be selling or assembling many bicycles in February in Northwest Indiana). Further, while Urban Express disputes that it was under any particular obligation to conduct a broader search, Urban Express did so, and a search of the records of all of its Illinois stores (the Merrillville store is the only TSA store in Indiana, or at least the only TSA store in Indiana serviced by Urban Express), revealed no record of having assembled the Plaintiff's bicycle at any of TSA's Illinois stores, either. The very notion that Urban Express was in the habit of assembling bicycles and moving them from store to store is baseless speculation unsupported by any evidence at all, but even if such things were happening, Urban Express has located no evidence of such moving around of the bicycle in question.

The essence of Plaintiff's argument is that Urban Express must have assembled the bicycle because "Urban Express was the only party who could have assembled the bicycle at issue." This conclusion apparently arises from the terms of the contract between Urban Express and TSA, which gave Urban Express the exclusive right to assemble bicycles at TSA stores that it serviced (although Urban Express executives have testified that TSA sometimes deviated from that contract) and the testimony of the manager of TSA's Merrillville store that no TSA employee assembled the bicycle. The Plaintiff's argument presents a false dichotomy. The Plaintiff presumes that the bicycle must have been assembled after February 1, 2011, and that because TSA says it did not assemble the bicycle, then there at least must be an inference that Urban Express did so. The flaw in this

argument is that it does not account for the wholly reasonable possibility that the bicycle was assembled before February 1, 2011. After all, Urban Express's contract began in the dead of a Northwest Indiana winter and the Plaintiff's husband purchased the bicycle on July 27, 2011. To contend that the bicycle must have been assembled after February 1, 2011 is mere speculation. Urban Express's records affirmatively demonstrate that it did not assemble the bicycle; the Plaintiff responds not with any evidence that Urban Express actually did assemble the bicycle, but with speculation that Urban Express, along with various other entities, perhaps had an opportunity to assemble the bicycle. Absent a shred of evidence that the bicycle was assembled after February 1, 2011, then there is no basis for keeping Urban Express in the case. The Plaintiff had nearly a year to develop such evidence, and failed to do so.

### III. CONCLUSION

For the above reasons and for the reasons set forth in other filings, Urban Express is entitled to summary judgment.

Respectfully submitted,

MEILS THOMPSON DIETZ & BERISH

By:    /s/ John W. Mervilde
       Rick D. Meils (#9130-49)
       John W. Mervilde (#21738-49)
       Attorneys for Defendant,
       Urban Express Assembly, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2014, a copy of the foregoing document was served via the Court's ECF system upon:

Colby A. Barkes
BLACHLY TABOR BOZIK & HARTMAN
cabarkes@lawyersonthesquare.com, arc@lawyersonthesquare.com,
ccumpton@lawyersonthesquare.com, dberryman@lawyersonthesquare.com

Daniel G. Suber
Lizabeth Hopkins
Kathryn C. Adams
DANIEL G. SUBER & ASSOCIATES
suberlawgroup@aol.com, mtaylor@suberlawgroup.com

Tracey S. Wetzstein
KOPKA PINKUS DOLIN & EADS, PC
9801 Connecticut Drive
Crown Point, Indiana 46307
tswetzstein@kopkalaw.com

                                            */s/ John W. Mervilde*
                                            John W. Mervilde (#21738-49)

Rick D. Meils
John W. Mervilde
MEILS THOMPSON DIETZ & BERISH
Two Market Square Center
251 East Ohio Street, Suite 830
Indianapolis, IN 46204
317/637-1383