UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MICHELLE LEAL, et al. | ) |
| Plaintiff, | ) |
| v. | ) CASE No.: 2:13 CV 318 |
| TSA STORES, INC. d/b/a THE SPORTS AUTHORITY, URBAN EXPRESS ASSEMBLY, LLC, EAST COAST SUPPLY, INC., YONG QI BICYCLE INDUSTRIAL CO., LTD, GO CONFIGURE, INC., GUHLAM | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is Defendant, Go Configure, Inc.'s "Motion to Dismiss" filed on October 22, 2014. Plaintiff did not file a response. In its Motion, Go Configure asserts that Plaintiff's claim in her Second Amended Complaint is time-barred.

In anticipation of an upcoming conference with Magistrate Judge Cherry, the undersigned held a conference on December 15, 2014 to discuss the status of this unopposed motion to dismiss as well as the other motions pending in the case. At that conference, Plaintiff's counsel represented that he had no objection to the Court's granting of the motion to dismiss so long as the dismissal was without prejudice. Go Configure's counsel sought a dismissal with prejudice.

Mindful of the standards of review for motions to dismiss, the Court concludes the Motion to Dismiss is well-taken. Even assuming that the facts as plead in Plaintiff's Second Amended Complaint are true, her claims against Go Configure are barred by the applicable two year statute of limitations. And, because Go Configure is a wholly new defendant in this action,

the allegations against Go Configure do not "relate back" to the date the original Complaint was filed so as to permit the claim to fall within the applicable statute of limitations. Accordingly, Go Configure, Inc.'s Motion to Dismiss [DE 85] is GRANTED without prejudice.[1]

Entered: This 17th day of December, 2014.

s/ William C. Lee<br>United States District Court

---

[1] Unless otherwise stated, dismissals pursuant to Rule 12(b)(6) are deemed to be with prejudice. *See* Fed.R.Civ.P. 41(b); *Harmon v. Gordon,* 712 F.3d 1044, 1054 -1055 (7th Cir. 2013). However, the Seventh Circuit disfavors granting dismissal under Rule 12(b)(6) on grounds of untimeliness without leaving open the possibility for the Plaintiff to amend if other facts would come to light that cure the timeliness issue. *Smith v. Union Pacific R. Co*. 474 Fed.Appx. 478, 481, 2012 WL 1130279, 3 (7th Cir. 2012).