UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| MICHELLE LEAL, et al. | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE No.: 2:13 CV 318 |
| | ) | |
| TSA STORES, INC. d/b/a THE SPORTS AUTHORITY, et al | ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff, Michelle Leal (hereafter "Leal") suffered injuries in a bicycling accident. She filed a state court complaint against several defendants including TSA Stores Inc. d/b/a The Sports Authority (hereafter "Sports Authority"), Urban Express Assembly LLC (hereafter "Urban Express"), Yong Qi Bicycle Industrial Co. ("Yong Qi"), LTD., Go Configure, Inc., and Guhlam Thomas ("Thomas") (referred collectively herein as "Defendants") alleging that their negligence in designing, manufacturing, producing, and assembling the bicycle and/or a design defect with the bicycle were responsible for her injuries.[1] The case was then removed to federal court. [DE 3].

Defendant, Urban Express filed the present Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56,[2] asserting that there is no genuine issue of material fact that it either assembled or was negligent in the assembly of the bicycle thereby causing the injuries suffered

---

[1] While the current motion was pending, Defendants East Coast Supply and Go Configure, Inc. have been dismissed from the case by court order. See DE 91, 92.

[2] Urban Express originally filed the motion in the Porter County Superior Court pursuant to Ind.Tr.R. 56. Thereafter, the case was removed to federal court on the basis of diversity jurisdiction. Under the *Erie* doctrine, federal courts in diversity cases (and any other cases in which state law supplies the rule of decision) apply state "substantive" law but federal "procedural" law. E.g., *Gasperini v. Center for Humanities*, 518 U.S. 415, 427 (1996); *Mayer v. Gary Partners & Co.*, 29 F.3d 330 (7th Cir.1994).

by Leal. [DE 12]. Plaintiff did not originally oppose the motion but two other defendants did. After the Court requested supplemental briefing on the issue of whether the other defendants had standing to oppose the motion for summary judgment [DE 52], Plaintiff sought leave to file a belated response which the Court granted. [DE 72, 74].

For the following reasons, Urban Express's Motion for Summary Judgment will be GRANTED.

## APPLICABLE STANDARD

Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

## FACTUAL BACKGROUND

On August 17, 2011, Leal was injured while riding her bicycle, a K2 Breeze, which was purchased by Leal's husband, already assembled, at Sports Authority. [Second Amended

Complaint, ¶8]. The bicycle was purchased on July 7, 2011,[3] from the Sports Authority store located in Merrillville, Indiana.

According to Leal, while riding the bicycle, the handlebar shifted suddenly causing her to fall. [*Id.* ¶8]. Leal was cycling uphill and put pressure on the handlebars of the bicycle at which time the handlebars came loose turning all the way to the left. As a result of the bicycle malfunction and the resulting fall, Leal was injured.

Prior to Leal's accident, on February 1, 2011, Urban Express entered into a "Delivery, Assembly, and Installation Services Agreement ("the Agreement") with Sports Authority. [Affidavit of Arthur Lagrega ("Lagrega Aff" or "Lagrega"), ¶3]. Under the terms of the Agreement, when requested, Urban Express provided pickup services at Sports Authority locations and delivery, assembly, and installation services as well as swap out services at Sports Authority customer locations. [*Id*]. Equipment covered under the Agreement included bicycles, fitness equipment, sporting goods, and grills. [*Id.* at ¶4.].

As it pertained to bicycles, Urban Express did not ship or deliver any bicycles to Sports Authority under the Agreement. Rather, Sports Authority was required to place an order with Urban Express indicating the equipment Sports Authority needed assembled under the Agreement and the quantity of equipment that was required to be assembled. In turn, Urban Express arranged to have an independent contractor technician schedule a date to assemble the equipment, including bicycles. [*Id.* at ¶5]. However, under the terms of the Agreement, the Sports Authority also had the right to have its own employees assemble bicycles at the Sports Authority location. [*Id.* at ¶7].

---

[3] There are two different purchase dates in Plaintiff's brief. *See page 4* ("The bicycle at issue was purchased on July 7, 2011."); and *page 5* ("Urban Express admits that Leal purchased a bicycle on July 27, 2011."). The difference in dates does not have any affect on the outcome of this motion.

Lagrega is the President of Urban Express and has held that position at all relevant times relating to this lawsuit. According to Lagrega, each time an independent contractor technician visits the Sports Authority location to assemble or repair equipment pursuant to the Agreement, the technician generates an invoice that logs particular information including: the date of the visit, the technician's name, the particular Sports Authority location, the name of the store manager, the serial and model numbers of the equipment being assembled or repaired, and the assembly or repair code, Lagrega Aff. ¶8. The invoice contains a signature line for the Sports Authority manager and contains the following language, "By signing this invoice I authorize payment to the vendor o associate for In-store services rendered. I have verified and completed the Bike Quality Checklist and personally ensured that the bikes built today are in ride ready condition." *Id.*at ¶9. These invoices are generated and maintained as part of Urban Express's ordinary course of business.

Lagrega regularly undertakes a review of the invoices. The bicycle involved in this matter is a K2 Trine or Breeze bicycle with serial number G100711036 purchased on or around July 27, 2011. Lagrega reviewed all invoices from March 6, 2011 through August 1, 2011 for the Merrillville, Indiana store where Leal purchased the bicycle but was unable to locate an invoice for the assembly or repair of the a K2 Trine or Breeze bicycle with the serial number G100711036. Thus, Lagrega does not believe that Urban Express assembled the bicycle Leal was riding at the time of her accident.

Based upon these facts, Urban Express asserts it is entitled to summary judgment.

## **DISCUSSION**

Leal asserts that she suffered damages as a result of falling from a bicycle that was negligently assembled by Urban Express. To prove her negligence claim, Leal must establish

three elements, one of which is that the defendant owed a duty of care to her. *Purcell v. Old Nat'l Bank,* 972 N.E.2d 835, 842 (Ind.2012). Absent a duty, there can be no breach and no recovery in negligence. *Pfenning v. Lineman,* 947 N.E.2d 392, 398 (Ind.2011). The existence of a legal duty owed by one party to another in a negligence case is appropriate for summary judgment, as it is generally a pure question of law for the court to decide. *Indiana Dep't of Transp. v. Howard,* 879 N.E.2d 1119, 1122 (Ind.Ct.App.2008); *Lee v. GDH, LLC,* 2015 WL 291939, 5 (Ind.Ct.App.,2015)

In this case, as Urban Express points out, Leal has not set forth any evidence whatsoever, that would create a genuine issue of material fact as to whether Urban Express is the party that assembled the bicycle let alone that the assembly fell below the standard of care owed to her. Urban Express argues that it has produced unopposed affidavit testimony from Lagrega in which he avers: (1) Urban Express had an Agreement with the Sports Authority to assemble some, but not all equipment, including bicycles; (2) independent contractors acting for Urban Express made records in the ordinary course of business identifying the serial and model number of bicycles assembled by Urban Express independent contractors for the Merrillville, Indiana store; and (3) Urban Express reviewed records for a substantial period of time before the plaintiff purchased the bicycle and was injured and has no documentation linking Urban Express to the bicycle's assembly. As a result, Urban Express contends it had no duty to the plaintiff which it could have breached since it did not assemble the bicycle.

In response, the only affirmative argument made by Leal to support her contention that Urban Express owed her a duty is the Agreement itself which, she contends, demonstrates that Urban Express must have assembled the bicycle since it was contractually obligated to do so. Leal also argues that the absence of records is insufficient proof from which the court could

conclude that Urban Express owed no duty to Leal in light of Urban Express's admission that it had the Agreement with the Sports Authority. Third, it asserts that Urban Express did not examine enough records or that it failed to examine records in the proper time frame and thus, by default, the court should find that Urban Express owed a duty of care to Leal. Finally, she argues, that Urban Express has not accounted for "the fact that the bicycle at issue may have been assembled for any Sports Authority store other than the Merrillville, Indiana store, and that the bicycle was then shipped from another Sports Authority store to the Merrillville store in order to meet customer demand or balance existing inventory." (Resp. p. 5).

The problem with all of Leal's arguments is two-fold. First, to prevail on summary judgment, Leal has an obligation to rebut the evidence Urban Express submitted to support its proposition that it owed no legal duty to her with competent evidence showing that genuine issues of material fact, at the very least, call into question the existence of a legal duty by Urban Express and a breach thereof warranting a trial. *See Anderson,* 477 U.S. at 257 ("To survive summary judgment, the nonmovant may not simply rely on the facts alleged in the complaint but must instead produce affirmative evidence."). She has not done so. She has presented absolutely no evidence demonstrating that Urban Express assembled the bicycle; she has presented no evidence as to when the bicycle was, in fact assembled at all– only that at the time of purchase it was assembled; and she has presented no evidence that the contractual relationship she relies upon to attempt to establish Urban Express's duty to her was even in effect at the time the bicycle was assembled. Thus, Leal has produced nothing more than speculation that Urban Express assembled the bicycle.

Second, all of Leal's arguments about the absence of records or the manner in which Urban Express conducted its record search are discovery matters. If Leal believed that Urban

Express had not conducted a thorough enough search of its records or that the searches conducted were too limited, it could have pursued those avenues during discovery. Moreover, if she believed she could not formulate an appropriate response to the pending Motion for Summary Judgment, she could have requested a stay of the motion pending additional discovery. *See* Fed.R.Civ. P. 56(d) (permitting the Court to order further discovery). But she did neither.[4]

At trial, Leal bears the burden of demonstrating all the elements of negligence including the existence of a duty. That said, when the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. See, e.g*., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. See *Celotex*, 477 U .S. at 32324 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.' "). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. In this case, Leal has altogether failed to set forth evidence, other than speculation and conjecture, creating a genuine issue for trial on an essential element of her negligence claim. Accordingly, Urban Express's Motion for Summary Judgment is GRANTED.

## **CONCLUSION**

---

[4] In fact, she did not even contest the motion originally until after the Court entered its Order requesting supplemental briefs on the issue of whether co-defendants had standing to contest another co-defendants' motion for summary judgment.

7

"Summary judgment is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgment must be granted." *Jones v. Johnson,* 26 F.3d 727, 728 (7th Cir.1994), *cert. granted* 513 U.S. 1071, 115 S.Ct. 713, 130 L.Ed.2d 621 (1995). That is precisely the situation with respect to the present claim, and the defendant's motion for summary judgment [DE 12] must be granted.

This Entry does not resolve all claims against all parties. As a result, no partial final judgment shall issue at this time.

Entered this 23rd day of February, 2015.

s/ William C. Lee<br>
United States District Court