UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHELLE LEAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:13 CV 318 |
| | ) |
| TSA STORES, INC. d/b/a THE | ) |
| SPORTS AUTHORITY, | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

This matter is before the court on defendant's motion for partial summary judgment. (DE # 93.) For the reasons stated below, defendant's motion will be granted.

### I. BACKGROUND

*A. Factual Background*

Plaintiff Michelle Leal originally filed her state court complaint in the Porter County Superior Court. (DE # 1.) The case was later removed to this court. (DE # 3.) Defendant TSA Stores, Inc. d/b/a The Sports Authority ("TSA") is the only defendant remaining in this case. (*See* DE ## 91, 92, 105, 130.)

The following facts are undisputed for purposes of TSA's motion. On July 27, 2011, plaintiff's husband Robert purchased a bicycle from a Sports Authority store in Merrillville, Indiana. (DE # 94 at 2; DE # 122 at 3.) At the time of purchase, the bicycle was assembled and displayed on the sales floor. (*Id.*) Before completing the purchase of the bicycle, a TSA sales associate performed a "point system check" of the bicycle. (*Id.*) On the inspection checklist the TSA employee check-marked the box that stated,

"Handlebars and seat checked and tight." (DE # 95-2 at 62.) At the time of sale, Robert signed an agreement in which TSA expressly disclaimed all warranties regarding the bicycle. (DE # 95-3 at 1.)

Three weeks later, on August 17, 2011, plaintiff was injured while riding the bicycle. (DE # 94 at 1; DE # 122 at 3.) According to plaintiff, while she was riding the bicycle the handlebar unexpectedly shifted, causing her to fall and injure herself. (*Id.*)

One issue in this case is whether TSA assembled plaintiff's bicycle. At the time of the sale, TSA was engaged in a Delivery, Assembly, and Installation Services Agreement ("Service Agreement") with Urban Express Assembly, LLC. (DE # 95-4.) TSA and Urban Express entered into the Service Agreement on February 1, 2011. (*Id.* at 1.) The Service Agreement contained a "mutual exclusivity" provision ("Exclusivity Clause") stating that Urban Express "shall be the sole and exclusive provider of Services with respect to the UX [Urban Express] Serviced Stores, including to the exclusion of Client's in-house employees . . . ." (DE # 95-4 at 2.) TSA maintains that, pursuant to this agreement, all of the bicycles sold at its Merrillville store were assembled exclusively by Urban Express. (DE # 94 at 8.)

Plaintiff argues that there is an open question as to whether TSA assembled her bicycle. (DE # 122 at 12.) Plaintiff cites to evidence from the President of Urban Express, Arthur Lagrega, who stated that TSA retained a right under the Service Agreement to have its own employees assemble bicycles. (DE # 123-4 at 2.) Lagrega stated that, on occasion, an Urban Express contractor was unable to assemble a bicycle within the time

2

frame TSA requested and TSA would make other arrangements for assembly, through its own employees or another third-party. (*Id.*) Lagrega stated that when an Urban Express contractor assembled a bicycle for TSA, the contractor would generate an invoice documenting the assembly. (*Id.*) However, Legrega stated that Urban Express does not have any invoice for the assembly of plaintiff's bicycle, which leads him to believe that Urban Express did not assemble the bicycle. (*Id.* at 3.)

The parties both submitted affidavits from Donald Schmiege, the Merrillville store manager beginning in 2009, and during the time of the sale. (DE # 95-5; DE # 123-10.) In one affidavit Schmiege stated that no TSA employee assembled a bicycle for sale at the Merrillville store during the time frame relevant to the lawsuit. (DE # 95-5 at 1-2.) In his second affidavit, Schmiege stated, "The store in Merrillville did not have enough employees to use the sales team to assemble bicycles. Moreover, the store did not have the skill to assemble bikes except for very simple children's bikes, but on at least two separate occasions that I am aware of the store assembled a bike. It was not Mrs. Leal's bike to my knowledge." (DE # 123-10 at 2.) Schmiege explained that when a bicycle was assembled, an assembly sticker was placed on the bicycle by the Urban Express contractor who assembled the bicycle. Schmiege was not sure why there was no such sticker on plaintiff's bicycle. (*Id.* at 3.) He stated that the absence of the sticker could indicate that plaintiff's bicycle was assembled at the Orland Park store and was shipped to the Merrillville store when the Orland Park location closed. (*Id.* at 2.) However, he did not know whether TSA employees assembled the bicycles at the Orland Park store.

3

(*Id.*) Finally, Schmiege stated that while it was possible that a TSA employee could have assembled a bicycle without his knowledge, he believed that the operations team leader, Marie Caston, would have let him know if this had happened. (*Id.*)

Caston was the operations team leader at the Merrillville store at the time plaintiff's bicycle was purchased. (DE # 123-3 at 3.) Caston stated that before Schmiege took over as store manager in 2009, TSA employees assembled the bicycles at the Merrillville store. (*Id.* at 4, 13.) Caston testified that the person who assembled a bicycle, whether a TSA employee or an Urban Express contractor, should have filled out an invoice identifying which bicycles he or she assembled. (*Id.* at 6.) However, no such invoice exists for plaintiff's bicycle. (*Id.* at 6-7.) Finally, Caston indicated that a bicycle could remain on the store floor for as long as two years if it was on clearance. (*Id.* at 11.) Plaintiff's bicycle was on clearance at the time of the sale. (*Id.* at 13.) Plaintiff argues that this evidence suggests that plaintiff's bicycle could have been assembled prior to May 2009, during the period when TSA employees assembled the bicycles. (DE # 122 at 7.)

B. *Procedural Background*

Plaintiff's second amended complaint charged TSA of: (1) breaching its duty of care to her by assembling, marketing, and selling the bicycle in an unsafe condition; and (2) breaching its implied warranty of merchantability and fitness for a particular purpose. (DE # 61 at 2-3.)

4

TSA has moved for summary judgment. (DE # 93.) TSA argues that it is entitled to judgment in its favor as a matter of law because: (1) it expressly disclaimed all warranties regarding the bicycle; and (2) it did not assemble the bicycle. (DE # 94 at 1.)

In addition to the two issues raised in TSA's motion for summary judgment, certain matters were raised in the parties' briefs, but are not properly before the court for final resolution. In plaintiff's response brief, she identified an additional negligence claim that was not addressed in TSA's motion for summary judgment. According to plaintiff, TSA had a duty to ensure that the bicycle was in a reasonably safe condition and was properly assembled at the time the bicycle was sold. (DE # 122 at 14-15.) Plaintiff argues that there is a material question of fact as to whether TSA breached its duty of reasonable care in either inspecting or selling the bicycle. Plaintiff also hints at a strict liability claim based on the assembly of the bicycle, stating, "though the same is not presented to the court at this stage, the safety inspection check could also be considered part of the assembly and/or manufacturing of the finished bicycle for purposes of the strict liability act." (*Id.*) While TSA addressed plaintiff's negligent inspection argument in its reply brief, plaintiff moved to strike that portion of TSA's reply brief on the basis that a defendant may not raise new arguments in a reply brief. (DE # 125.)

Plaintiff's pleadings sufficiently put TSA on notice of the negligent inspection claim. Thus, TSA's motion for summary judgment is actually a motion for partial summary judgment. However, TSA will be given an opportunity to address plaintiff's

5

negligent inspection claim and strict liability claim, if it so chooses. The parties are cautioned that arguments made without citation to legal support will be disregarded. Plaintiff's motion to strike will be denied as moot.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In responding to a motion for summary judgment, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Palmer v. Marion County*, 327 F.3d 588, 595 (7th Cir. 2003). In doing so, the non-moving party cannot rest on the pleadings alone, but must present fresh proof in support of its position. *Anderson*, 477 U.S. at 248; *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The court's role in deciding a summary judgment motion is not to evaluate the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249-50; *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th

Cir. 1994). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995).

**III.  ANALYSIS**

    *A.  Implied Warranty of Merchantability and Fitness for a Particular Purpose*

TSA argues that it is entitled to judgment in its favor on plaintiff's warranty claims because TSA explicitly disclaimed all warranties when it sold plaintiff's husband Robert the bicycle. (DE # 94 at 3.) Plaintiff concedes that TSA properly disclaimed[1] all warranties as to Robert, but maintains that TSA nevertheless owed "a duty to the plaintiff for breach of a sales warranty, implied or otherwise." (DE # 122 at 9.) According to plaintiff, she was not in privity of contract for purposes of the warranty disclaimers signed by her husband, and did not have notice of the disclaimers, and thus

---

[1] Indiana law provides for automatic warranties of merchantability and fitness for a particular purpose. *See* Ind. Code § 26-1-2-314 ("Unless excluded or modified (IC 26-1-2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."); Ind. Code § 26-1-2-315 ("Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is, unless excluded or modified under IC 26-1-2-316, an implied warranty that the goods shall be fit for such purpose."). However, these warranties may be disclaimed. A warranty for merchantability may be excluded if the language of the exclusion is conspicuous and specifically mentions "merchantability." Ind. Code § 26-1-2-316. A warranty for fitness for a particular purpose can be excluded if it is in writing and is conspicuous. *Id.*

the disclaimers do not apply to her. Plaintiff does not cite any legal authority for this proposition – a problem throughout her brief.

Plaintiff's argument is readily defeated by reference to Indiana law. "A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer . . . if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty." Ind. Code § 26-1-2-318. The comments to this section clarify that "[t]o the extent that the contract of sale contains provisions under which warranties are excluded or modified, or remedies for breach are limited, such provisions are equally operative against beneficiaries of warranties under this section." *Id.* "The purpose of this section is to give certain beneficiaries the benefit of the same warranty which the buyer received in the contract of sale, thereby freeing any such beneficiaries from any technical rules as to 'privity.'" *Id.*

Therefore, because plaintiff concedes that TSA properly disclaimed all warranties with respect to Robert, and under Indiana law these disclaimers applied with equal force to plaintiff, TSA is entitled to judgment in its favor with respect to plaintiff's breach of warranty claims.

B. *Negligent Assembly*

TSA argues that it is entitled to judgment in its favor with respect to plaintiff's negligent assembly claim because it did not assemble the bicycle. (DE # 94 at 7.) It argues that its vendor Urban Express assembled all bicycles at the Merrillville store.

8

(*Id.*) However, plaintiff maintains that there is a material question of fact as to whether TSA assembled the bicycle. (DE # 122 at 10.) Plaintiff argues that a genuine issue of material fact arises from the lack of documentation demonstrating when, and by whom, the bicycle was assembled. (*Id.* at 13.) According to plaintiff, a jury could infer from "the lack of documentation where it should exist, that TSA did assemble the bicycle." (*Id.*)

"To prevail on a claim of negligence, a plaintiff is required to prove: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; and (3) an injury to the plaintiff proximately caused by the breach." *Ford Motor Co. v. Rushford*, 868 N.E.2d 806, 810 (Ind. 2007). "Absent a duty, there can be no breach and, therefore, no recovery in negligence." *Merchants Nat. Bank v. Simrell's Sports Bar & Grill, Inc.*, 741 N.E.2d 383, 386 (Ind. Ct. App. 2000). Whether a defendant owed a duty is a question of law for the court to determine. *Rawls v. Marsh Supermarket, Inc.*, 802 N.E.2d 457, 459 (Ind. Ct. App. 2004).

Here, TSA is entitled to judgment in its favor because there is insufficient evidence that it assembled the bicycle, and thus there is insufficient evidence to establish that it owed plaintiff a duty of care with regard to assembly of the bicycle. As plaintiff admits, there is an open question regarding who assembled the bicycle. The evidence suggests that if a TSA employee assembled the bicycle, there should have been documentation establishing this fact. Conversely, if an Urban Express contractor assembled the bicycle, there also should have been documentation. Yet, there is no documentation to point in either direction.

There is also insufficient evidence to establish when the bicycle was assembled. Bicycles were routinely assembled by TSA employees prior to May 2009. The evidence suggests that it is possible that the bicycle was assembled during this period. However, it is also possible that the bicycle was assembled after May 2009, when the bicycles were almost exclusively assembled by Urban Express contractors. Again, there is no evidence to make either possibility more likely than the other.

The evidence from the witnesses do not clarify the issue. For example, although the President of Urban Express stated that TSA employees retained a right to assemble bicycles if no Urban Express contractor was available, there is no evidence to suggest that this occurred with respect to plaintiff's bicycle. Moreover, while Schmiege stated that "on at least two separate occasions that I am aware of the store assembled a bike," he clarified that he did not believe either bicycle was plaintiff's bicycle. He also admitted that it is possible that TSA employees assembled bicycles without his knowledge, but stated that he believes Caston would have notified him if this had happened. Finally, although Schmiege suggested the possibility that plaintiff's bicycle was assembled at the Orland Park store, there is no evidence that TSA employees assembled the bicycles at the Orland Park store.

Plaintiff attempts to defeat summary judgment by pointing to the various possibilities and unanswered questions regarding who assembled the bicycle. However, an unanswered question does not amount to a genuine issue of material fact where the question remains unanswered due to insufficient evidence. While the non-moving party

is entitled to have all reasonable inferences drawn in her favor in opposing a motion for summary judgment, she is not entitled to "inferences relying on mere speculation or conjecture." *Carson v. ALL Erection & Crane Rental Corp.*, 811 F.3d 993, 997 (7th Cir. 2016). Rather, a jury must have a way to determine the fact underlying the requested inference. *See id. See also Harris v. Owens-Corning Fiberglas Corp.*, 102 F.3d 1429, 1433 (7th Cir. 1996) ("When, at best, the possibilities are evenly balanced, the court should enter judgment for the defendant. . . ."); *Bafia v. N. Indiana Pub. Serv. Co.*, 993 F.2d 1306, 1309 (7th Cir. 1993) ("Reasonable inferences from the evidence are permissible, but inferences must be reasonably supported by the evidence and cannot be mere speculation or surmise.") (internal citation omitted). Here, a jury would have no way of determining whether Urban Express or TSA assembled the bicycle, and thus any determination a jury made regarding this issue would amount to pure conjecture.

Plaintiff has not established that TSA assembled the bicycle, and therefore has not established that TSA owed her any duty of care with respect to the assembly of the bicycle. Thus, TSA is entitled to judgment as a matter of law on plaintiff's negligent assembly claim.

### IV.   CONCLUSION

For these reasons, the court:

A.  **GRANTS** defendant TSA's motion for partial summary judgment (DE # 93);

B.  **GRANTS** judgment in favor of defendant TSA, and against plaintiff, with respect to: (1) plaintiff's breach of warranty claims; and (2) plaintiff's negligent assembly claim;

11

C. **CLARIFIES** that this case shall proceed on plaintiff's remaining claims for: (1) negligent inspection; and (2) strict liability;

D. **GRANTS** defendant TSA 30 days from the entry of this order to file any additional dispositive motion – if defendant TSA does not file any further motion by this deadline, the court will set this case for trial under a separate order; and

E. **DENIES** plaintiff's motion to strike as moot. (DE # 125.)

**SO ORDERED.**

Date: April 10, 2018

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT