# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MICHELLE LEAL, <br>     Plaintiff, <br><br> v. <br><br> TSA STORES, INC. d/b/a THE SPORTS AUTHORITY, <br>     Defendant. | CAUSE NO.: 2:13-CV-318-JPK |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

A previous defendant in this litigation, East Coast Cycle Supply, Inc. invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing a Notice of Removal to federal court. The party seeking federal jurisdiction has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). Here, though, that defendant was granted summary judgment in its favor. The Court will turn to the remaining defendant to establish subject matter jurisdiction.

For the Court to have diversity jurisdiction, Plaintiff Michelle Leal and Defendant TSA Stores, Inc. must be citizens of different states, and the amount in controversy must be more than $75,000. In the Notice of Removal, Plaintiff's citizenship and the amount in controversy are properly alleged.

However, the Notice of Removal alleges that Defendant TSA Stores, Inc. is a "Colorado corporation." (Notice of Removal ¶ 4, ECF No. 3). This allegation is insufficient for the purpose of determining citizenship. Corporations "are deemed to be citizens of the state in which they are incorporated and the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (citing 28 U.S.C. § 1332(c)(1)). The Seventh Circuit has further held that, "in cases with corporate parties, it is necessary to allege both the state of incorporation and the state of the principal place of business, even if they are one and the same." *Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 628 (7th Cir. 1998) (internal citation omitted). While it is likely known to the parties, the record before the Court does not reveal whether TSA Stores, Inc. was, at the time of removal, a "Colorado corporation" because it was incorporated there, had its principal place of business there, both, or something else entirely.

Therefore, the Court hereby **ORDERS** Defendant TSA Stores, Inc. to **FILE** a supplemental jurisdictional statement as to its citizenship **on or before August 8, 2019, at 11:00 a.m.** (C.S.T.) or to be prepared to address the issue at the scheduled status conference.

So ORDERED this 1st day of August, 2019.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT