IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHELLE LEAL, | ) |
|       Plaintiff, | ) ) ) |
| Vs. | )   CASE NO.: 2:13-CV-00318 ) |
| TSA STORES, INC. d/b/a THE SPORTS AUTHORITY, | ) ) ) |
|       Defendant. | ) ) |

**DEFENDANT'S MOTIONS IN LIMINE**

The Defendant, TSA STORES, INC. ("TSA"), by its counsel, DANIEL G. SUBER & ASSOCIATES, respectfully moves this Honorable Court, *in limine*, to bar any evidence, testimony, argument and reference to the following issues and topics, and to direct that the attorneys for plaintiff advise all their witnesses of the Court's Order *in limine*.

The issues and topics are as follows:

1. **THE NATURE AND EXTENT OF THE PLAINTIFF'S INJURIES AS A RESULT OF FALLING OFF HER BICYCLE**

The parties have agreed to bifurcate the trial and first proceed on the issue of liability only. The nature and extent of the plaintiff's injuries have no bearing on the determination of liability, so such testimony is irrelevant because it lacks "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." Fed. R. Evid. 401. Such irrelevant evidence is therefore inadmissible at trial. Fed. R. Evid. 402. This evidence should also be excluded because any "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . ." Fed. R. Evid. 403.

For all these reasons, any evidence, testimony, argument or reference to the nature and extent of the plaintiff's injuries as a result of her falling off her bicycle should be barred.

## 2. DEFENDANT'S NEGLIGENT ASSEMBLY OF THE BICYCLE

In its order and opinion of April 10, 2018, this Court granted summary judgment in TSA's favor and against the plaintiff as to the plaintiff's negligent assembly claim. (Ex. 1, *Opinion and Order*, P. 9, April 10, 2018.) In its order, this Court held that the plaintiff had not established that TSA assembled the bicycle, so TSA owed her no duty of care with respect to the assembly of the bicycle. (*Id.*)

For these reasons, any evidence, testimony, argument or reference to TSA's negligent assembly of the bicycle should be barred, as it is irrelevant and would serve to confuse the issues and mislead the jury. Fed. R. Evid. 401, 402, and 403.

## 3. DEFENDANT'S NEGLIGENT TRAINING OF ITS EMPLOYEES, INCLUDING MARIE CASTON AND EMMANUEL HUDSON

The plaintiff has not plead a cause of action for negligent training, so any evidence, testimony, argument or reference to TSA's negligent training of its employees should be barred, as it is irrelevant to the matter at hand as it is outside of the pleadings and not an issue in controversy. Fed. R. Evid. 401; *see Trans-Car Purchasing, Inc. v. Summit Fidelity & Sur. Co.*, 454 F.2d 788, 791–92 (7th Cir. 1971).

## 4. DEFENDANT'S WARRANTY AND/OR BREACH OF WARRANTY

In its order and opinion of April 10, 2018, this Court granted summary judgment in TSA's favor and against the plaintiff as to the plaintiff's breach of warranty claims. (Ex. 1, *Opinion and*

*Order*, P. 8, April 10, 2018.) In its order, this Court held that TSA properly disclaimed all warranties with respect to the plaintiff's husband, the purchaser of the bicycle, and that under Indiana law, those disclaimers applied with equal force to plaintiff. (*Id.*)

For these reasons, any evidence, testimony, argument or reference to TSA's warranty and/or breach of warranty should be barred, as it is irrelevant and would serve to confuse the issues and mislead the jury. Fed. R. Evid. 401, 402, and 403.

### 5. ANY INHERENT DEFECT IN THE BICYCLE

Where relevant evidence is not disclosed during discovery, the appropriate course of action is to preclude the party from introducing that evidence at trial. See *Musser v. Gentiva Health Services*, 356 F.3d 751, 758, 63 Fed. R. Evid. Serv. 486, 57 Fed. R. Serv. 3d 947 (7th Cir. 2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless.")

Here, the plaintiff has failed to disclose or offer any evidence or testimony whatsoever that shows that a defect in the bicycle existed at the time it left TSA's control on July 27, 2011. Both the plaintiff and her husband have testified consistently with the TSA sales ticket/inspection checklist, that the handlebars were tight and working properly from the point of purchase until the accident, three weeks later. (Ex. 2, *Michelle Leal Dep.*, 23:1-12, 70:1-16; Ex. 3, *Robert Leal Dep.*, 29:12-14, 50:22-24, 51:3-6, 51:16-19, 52:8-11.) The plaintiff has not disclosed or offered any testimony or evidence to the contrary. Furthermore, to now allow such at trial would be prejudicial to the defendant. Fed. R. Evid. 403.

For all these reasons, because such a contention is wholly unsupported by the evidence, any evidence, testimony, argument or reference to any inherent defect in the bicycle at the time it left TSA's control should be barred.

### 6. THAT THE BICYCLE WAS CHEAPLY MADE OR OF INFERIOR QUALITY

Where relevant evidence is not disclosed during discovery, the appropriate course of action is to preclude the party from introducing that evidence at trial. See *Musser v. Gentiva Health Services*, 356 F.3d 751, 758, 63 Fed. R. Evid. Serv. 486, 57 Fed. R. Serv. 3d 947 (7th Cir. 2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless.")

Here, the plaintiff has failed to disclose or offer any evidence or testimony whatsoever that shows that the bicycle was cheaply made or of inferior quality. Furthermore, to now allow such at trial would be prejudicial to the defendant. Fed. R. Evid. 403.

For these reasons, because such a contention is wholly unsupported by the evidence, any evidence, testimony, argument or reference that the bicycle was cheaply made or of inferior quality should be barred.

### 7. THAT EMMANUEL HUDSON DID NOT PERFORM A "POINT SYSTEM CHECK" OF THE BIKE IN THE BACK OF THE STORE

Where relevant evidence is not disclosed during discovery, the appropriate course of action is to preclude the party from introducing that evidence at trial. See *Musser v. Gentiva Health Services*, 356 F.3d 751, 758, 63 Fed. R. Evid. Serv. 486, 57 Fed. R. Serv. 3d 947 (7th Cir. 2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless.")

Here, the plaintiff has failed to disclose or offer any evidence or testimony whatsoever that Emmanuel Hudson did not perform a "point system check" of the bike in the back of the store. The plaintiff's husband, Robert Leal, testified at his deposition that after he purchased the bicycle, Emmanuel Hudson, a TSA employee, took the bicycle to the back of the store to perform a "point system check." (Ex. 3, *Robert Leal Dep.*, 13:7-11.) Mr. Leal testified that he did not accompany Mr. Hudson to the back of the store and was not present while the "point system check" was performed. (Ex. 3, *Robert Leal Dep.*, 15:8-9, 15:16-20.) The plaintiff has not disclosed or offered any testimony or evidence to the contrary. Furthermore, to now allow such at trial would be prejudicial to the defendant. Fed. R. Evid. 403.

For all these reasons, because such a contention is wholly unsupported by the evidence, any evidence, testimony, argument or reference that Mr. Hudson did not perform the "point system check" on the bicycle in the back of the store should be barred.

### 8. THAT ROBERT LEAL ASKED ANY QUESTIONS TO ANY TSA EMPLOYEE ABOUT THE BICYCLE PRIOR TO BUYING IT

Where relevant evidence is not disclosed during discovery, the appropriate course of action is to preclude the party from introducing that evidence at trial. See *Musser v. Gentiva Health Services*, 356 F.3d 751, 758, 63 Fed. R. Evid. Serv. 486, 57 Fed. R. Serv. 3d 947 (7th Cir. 2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless.")

Here, the plaintiff has failed to disclose or offer any evidence or testimony whatsoever that Mr. Leal asked any questions to any TSA employee about the bicycle prior to buying it. Mr. Leal testified at his deposition that he did not ask any questions about the bicycle prior to purchasing it. (Ex. 3, *Robert Leal Dep.*, 14:3-5.) He further testified that, after TSA employee Emmanuel Hudson

performed the "point system check," Mr. Leal did not ask him any questions about the bicycle. (Ex. 3, *Robert Leal Dep.*, 15:13-15.) The plaintiff has not disclosed or offered any testimony or evidence to the contrary. Furthermore, to now allow such at trial would be prejudicial to the defendant. Fed. R. Evid. 403.

For these reasons, because such a contention is wholly unsupported by the evidence, any evidence, testimony, argument or reference that Mr. Leal asked any questions of any TSA employee, including Mr. Hudson, when he purchased the bicycle should be barred.

### 9. THAT ANYTHING PREVENTED ROBERT LEAL FROM READING THE SALES TICKET BEFORE SIGNING IT

Where relevant evidence is not disclosed during discovery, the appropriate course of action is to preclude the party from introducing that evidence at trial. See *Musser v. Gentiva Health Services*, 356 F.3d 751, 758, 63 Fed. R. Evid. Serv. 486, 57 Fed. R. Serv. 3d 947 (7th Cir. 2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless.")

Here, the plaintiff has failed to disclose or offer any evidence or testimony whatsoever that anything prevented Mr. Leal from reading the sales ticket before signing it. Mr. Leal testified at his deposition that he did not read the sales ticket for the bicycle before he signed it. (Ex. 3, *Robert Leal Dep.*, 19:2-8.) He also admitted that nothing prevented him from reading the sales ticket before he signed it and that he had no reason for not reading it. (Ex. 3, *Robert Leal Dep.*, 19:18-23.) The plaintiff has not disclosed or offered any testimony or evidence to the contrary. Furthermore, to now allow such at trial would be prejudicial to the defendant. Fed. R. Evid. 403.

For these reasons, because such a contention is wholly unsupported by the evidence, any evidence, testimony, argument or reference that anything prevented Mr. Leal from reading the sales ticket before signing it should be barred.

### 10. THAT EMMANUEL HUDSON DID NOT CHECK TO MAKE SURE THE TIRES WERE PUMPED UP, THE BRAKES WERE NOT TOUCHING THE TIRES, AND THE STEERING MECHANISM WAS TIGHT FOR THE BIKE

Where relevant evidence is not disclosed during discovery, the appropriate course of action is to preclude the party from introducing that evidence at trial. See *Musser v. Gentiva Health Services*, 356 F.3d 751, 758, 63 Fed. R. Evid. Serv. 486, 57 Fed. R. Serv. 3d 947 (7th Cir. 2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless.")

Here, the plaintiff has failed to disclose or offer any evidence or testimony whatsoever that Emmanuel Hudson did not check to make sure the tires were pumped up, the brakes were not touching the tires, and the steering mechanism was tight for the bike. In his affidavit, Mr. Hudson testified that he inspected the plaintiff's bicycle and made sure the tires were pumped up, the brakes were not touching the tires, and the steering mechanism was tight for the bike. (Ex. 4, *Aff. of Emmanuel Hudson*, ¶¶ 7-9; Ex. 5, *Bicycle Sales/Repair Ticket*.) The plaintiff has not disclosed or offered any testimony or evidence to the contrary. Furthermore, to now allow such at trial would be prejudicial to the defendant. Fed. R. Evid. 403.

For these reasons, because such a contention is wholly unsupported by the evidence, any evidence, testimony, argument or reference that Emmanuel Hudson did not check to make sure the tires were pumped up, the brakes were not touching the tires, and the steering mechanism was tight for the bike should be barred.

### 11. THAT EMMANUEL HUDSON DID NOT CHECK AND TIGHTEN THE HANDLEBARS AS LISTED ON THE PRE-SALE INSPECTION CHECKLIST

Where relevant evidence is not disclosed during discovery, the appropriate course of action is to preclude the party from introducing that evidence at trial. See *Musser v. Gentiva Health Services*, 356 F.3d 751, 758, 63 Fed. R. Evid. Serv. 486, 57 Fed. R. Serv. 3d 947 (7th Cir. 2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless.")

Here, the plaintiff has failed to disclose or offer any evidence or testimony whatsoever that Mr. Hudson did not check and tighten the handlebars as listed on the pre-sale inspection checklist. In his affidavit, Mr. Hudson testified that he inspected the plaintiff's bicycle in accordance with the pre-sale inspection checklist, which included checking and tightening the handlebars of the plaintiff's bicycle. (Ex. 4, *Aff. of Emmanuel Hudson*, ¶¶ 7-9; Ex. 5, *Bicycle Sales/Repair Ticket*.) The plaintiff has not disclosed or offered any testimony or evidence to the contrary. Furthermore, to now allow such at trial would be prejudicial to the defendant. Fed. R. Evid. 403.

For these reasons, because such a contention is wholly unsupported by the evidence, any evidence, testimony, argument or reference that Emmanuel Hudson did not check and tighten the handlebars as listed on the pre-sale inspection checklist should be barred.

### 12. THAT EMMANUEL HUDSON DID NOT SIGN THE SALES TICKET SHOWING THE INSPECTION WAS COMPLETED AS INDICATED

Where relevant evidence is not disclosed during discovery, the appropriate course of action is to preclude the party from introducing that evidence at trial. See *Musser v. Gentiva Health Services*, 356 F.3d 751, 758, 63 Fed. R. Evid. Serv. 486, 57 Fed. R. Serv. 3d 947 (7th Cir. 2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless.")

8

Here, the plaintiff has failed to disclose or offer any evidence or testimony whatsoever that Mr. Hudson did not sign the sales ticket showing the inspection of plaintiff's bicycle was completed as indicated. In his affidavit, Mr. Hudson testified that he completed the inspection of plaintiff's bicycle and signed the sales ticket, indicating that the inspection was completed. (Ex. 4, *Aff. of Emmanuel Hudson*, ¶ 9; Ex. 5, *Bicycle Sales/Repair Ticket*.) The plaintiff has not disclosed or offered any testimony or evidence to the contrary. Furthermore, to now allow such at trial would be prejudicial to the defendant. Fed. R. Evid. 403.

For these reasons, because such a contention is wholly unsupported by the evidence, any evidence, testimony, argument or reference that Emmanuel Hudson did not sign the sales ticket showing that the inspection was completed as indicated should be barred.

### 13. THAT HUDSON WAS NOT TRAINED BY TSA AND CERTIFIED TO INSPECT BICYCLES BEFORE THEY WERE SOLD TO THE CUSTOMER

Where relevant evidence is not disclosed during discovery, the appropriate course of action is to preclude the party from introducing that evidence at trial. See *Musser v. Gentiva Health Services*, 356 F.3d 751, 758, 63 Fed. R. Evid. Serv. 486, 57 Fed. R. Serv. 3d 947 (7th Cir. 2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless.")

Here, the plaintiff has failed to disclose or offer any evidence or testimony whatsoever that Mr. Hudson was not trained by TSA and certified to inspect bicycles before they were sold to the customer. In his affidavit, Mr. Hudson testified that he was trained by TSA and certified to inspect bicycles before they were sold to the customer, including all of the items listed on the sales ticket/inspection checklist. (Ex. 4, *Aff. of Emmanuel Hudson*, ¶ 8; Ex. 5, *Bicycle Sales/Repair*

*Ticket.*) The plaintiff has not disclosed or offered any testimony or evidence to the contrary. Furthermore, to now allow such at trial would be prejudicial to the defendant. Fed. R. Evid. 403.

For these reasons, because such a contention is wholly unsupported by the evidence, any evidence, testimony, argument or reference that Emmanuel Hudson was not trained by TSA and certified to inspect bicycles before they were sold to the customer should be barred.

### 14. THAT ANY TSA EMPLOYEE HAD ANY PHYSICAL CONTACT OR MADE ANY OTHER ADJUSTMENTS OR CHANGES TO THE BICYCLE AFTER THE PRE-SALE INSPECTION

Where relevant evidence is not disclosed during discovery, the appropriate course of action is to preclude the party from introducing that evidence at trial. See *Musser v. Gentiva Health Services*, 356 F.3d 751, 758, 63 Fed. R. Evid. Serv. 486, 57 Fed. R. Serv. 3d 947 (7th Cir. 2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless.")

Here, the plaintiff has failed to disclose or offer any evidence or testimony whatsoever that any TSA employee had any physical contact or made any other adjustments or changes to the bicycle after the pre-sale inspection. In her affidavit, Marie Caston testified that the pre-sale inspection step is the last time that a TSA employee has physical contact with the bicycle, and no other adjustments or changes to the bicycle are made by TSA employees after that time. (Ex. 6, *Marie Caston Dep.*, 51:16-25.) The plaintiff has not disclosed or offered any testimony or evidence to the contrary. Furthermore, to now allow such at trial would be prejudicial to the defendant. Fed. R. Evid. 403.

For these reasons, because such a contention is wholly unsupported by the evidence, any evidence, testimony, argument or reference that any TSA employee had any physical contact or made any other adjustments or changes to the bicycle after the pre-sale inspection should be barred.

## 15. THAT THE HANDLEBARS OF THE BICYCLE WERE LOOSE AT THE TIME THAT ROBERT LEAL PICKED UP THE BICYCLE FROM TSA

Where relevant evidence is not disclosed during discovery, the appropriate course of action is to preclude the party from introducing that evidence at trial. See *Musser v. Gentiva Health Services*, 356 F.3d 751, 758, 63 Fed. R. Evid. Serv. 486, 57 Fed. R. Serv. 3d 947 (7th Cir. 2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless.")

Here, the plaintiff has failed to disclose or offer any evidence or testimony whatsoever that the handlebars of the bicycle were loose at the time Mr. Leal picked up the bicycle from TSA. Mr. Leal testified in his deposition that at the time he picked up the bicycle from TSA, the handlebars of the bicycle were not loose. (Ex. 3, *Robert Leal Dep.*, 50:22-24.) At the time Mr. Leal lifted the bicycle into his minivan to transport it home, the handlebars were not loose. (Ex. 3, *Robert Leal Dep.*, 51:3-6.) After then driving it home, while removing the bicycle from his minivan, he did not notice any issues with the handlebars coming out of place or turning the wrong way. (Ex. 3, *Robert Leal Dep.*, 51:16-19.) There was never a time before the plaintiff's accident, in which Mr. Leal felt the handlebars and thought they felt loose. (Ex. 3, *Robert Leal Dep.*, 29:12-14.) The plaintiff has not disclosed or offered any testimony or evidence to the contrary. Furthermore, to now allow such at trial would be prejudicial to the defendant. Fed. R. Evid. 403.

For these reasons, because such a contention is wholly unsupported by the evidence, any evidence, testimony, argument or reference that that the handlebars of the bicycle were loose at the time Mr. Leal picked up the bicycle from TSA should be barred.

## 16. THAT THE MECHANISM THAT HOLDS THE HANDLEBARS TO THE STEM OF THE BICYCLE AND/OR THE SPECIFIC NAIL, SCREW, BOLT, OR OTHER ATTACHMENT DEVICE THAT CONTROLS THE TIGHTNESS OF THE HANDLEBARS TO THE BICYCLE WAS DEFECTIVE

Where relevant evidence is not disclosed during discovery, the appropriate course of action is to preclude the party from introducing that evidence at trial. See *Musser v. Gentiva Health Services*, 356 F.3d 751, 758, 63 Fed. R. Evid. Serv. 486, 57 Fed. R. Serv. 3d 947 (7th Cir. 2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless.")

Here, the plaintiff has failed to disclose or offer any evidence or testimony whatsoever that shows that the mechanism that holds the handlebars to the stem of the bicycle and/or the specific nail, screw, bolt, or other attachment device that controls the tightness of the handlebars to the bicycle was defective. Furthermore, to now allow such at trial would be prejudicial to the defendant. Fed. R. Evid. 403.

For these reasons, because such a contention is wholly unsupported by the evidence, any evidence, testimony, argument or reference that the mechanism that holds the handlebars to the stem of the bicycle and/or the specific nail, screw, bolt, or other attachment device that controls the tightness of the handlebars to the bicycle was defective should be barred.

## 17. THAT ROBERT LEAL DID NOT SIGN THE SALES TICKET AND FREELY INITIAL THE FOUR PARAGRAPHS SHOWN ON THE RIGHT SIDE OF THE TICKET, REFLECTING HIS AGREEMENT TO THE TERMS OF THE SALE

Where relevant evidence is not disclosed during discovery, the appropriate course of action is to preclude the party from introducing that evidence at trial. See *Musser v. Gentiva Health Services*, 356 F.3d 751, 758, 63 Fed. R. Evid. Serv. 486, 57 Fed. R. Serv. 3d 947 (7th Cir. 2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless.")

Here, the plaintiff has failed to disclose or offer any evidence or testimony whatsoever that Mr. Leal did not sign the sales ticket and freely initial the four paragraphs shown on the right side of the ticket, reflecting his agreement to the terms of the sale. At his deposition, Mr. Leal testified that he initialed the four paragraphs on the right side of the sales ticket (Ex. 3, *Robert Leal Dep.*, 20:3-10) which indicate his agreement with the terms of the sale. The plaintiff has not disclosed or offered any testimony or evidence to the contrary to show that Mr. Leal did not freely sign those four paragraphs. Furthermore, to now allow such at trial would be prejudicial to the defendant. Fed. R. Evid. 403.

For these reasons, because such a contention is wholly unsupported by the evidence, any evidence, testimony, argument or reference that Mr. Leal did not sign the sales ticket and freely initial the four paragraphs shown on the right side of the ticket, reflecting his agreement to the terms of the sale, should be barred.

Respectfully submitted:

By: */s/ Daniel G. Suber*

Daniel G. Suber, #21173-45
Attorneys for Defendant, TSA Stores, Inc.
d/b/a The Sports Authority

**DANIEL G. SUBER & ASSOCIATES**
77 West Washington, Suite 623
Chicago, Illinois 60602
Tel: (312) 899-1811
Fax: (312) 899-1811