UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHELLE LEAL, <br>     Plaintiff, <br> <br> v. <br> <br> TSA STORES, INC. d/b/a THE SPORTS AUTHORITY <br>     Defendant. | ) <br> ) <br> ) <br> )   CAUSE NO.: 2:13-CV-318-JPK <br> ) <br> ) <br> ) <br> ) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion in Limine [DE 183], Defendant's Motions in Limine [DE 184], and Defendant's Supplemental Motions in Limine [DE 185]. The first two motions were filed on August 16, 2019. The third motion was filed on August 28, 2019. Responses to the first two motions were filed on August 28, 2019, and the response to the third motion was filed September 5, 2019. No replies were filed.

"A motion in limine is a request for the court's guidance concerning an evidentiary question." *Mason v. City of Chicago*, 631 F. Supp. 2d 1052, 1055 (N.D. Ill. 2009) (citing *Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999); *Kiswani v. Phoenix Security Agency, Inc.*, 247 F.R.D. 554, 557 (N.D.Ill.2008)). Evidence is properly barred in limine if the evidence is "inadmissible on all potential grounds." *Id.* (citing *Townsend v. Benya*, 287 F. Supp. 2d 868, 872 (N.D. Ill. 2003)). If evidence does not meet this standard, the evidentiary ruling "should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.* at 1055-56 (quoting *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)).

An order on motions in limine is a preliminary order, subject to change. This Opinion and Order is not a final determination on any of the following issues and may be changed during the course of trial if justified by the evidence or arguments.

Based on the foregoing, the Court hereby **GRANTS in part** and **TAKES UNDER ADVISEMENT in part** Plaintiff's Motion in Limine [DE 183], Defendant's Motions in Limine [DE 184], and Defendant's Supplemental Motions in Limine [DE 185]. The parties shall not mention in the presence of the jury the motions in limine or the Court's rulings thereon.

Regarding the following matters no evidence, testimony, argument, or reference will be permitted at trial:

1. Documents that were not produced during discovery or otherwise disclosed;
2. Affidavits, statements, interviews, or declarations of Defendant's witnesses to resolve disputed issues of fact; additionally, Defendant must lay a proper foundation before using such documents to refresh a witness's recollection or before such documents are read into evidence;
3. Documents to which there is not yet a proper foundation until such a foundation is laid, absent the agreement of the parties;
4. Expert testimony;
5. Trial exhibits that are incomplete documents;
6. Expert opinions given by lay witnesses;
7. Reference to settlement negotiations between the parties;
8. Testimony from undisclosed witnesses;
9. Testimony, evidence, argument, or comment on the financial harm to Defendant that a judgment against Defendant would cause;
10. Reference to living in a litigious society or Plaintiff engaging in a scam or scheme to defraud, playing the "litigation lottery," or similar remarks;
11. The nature and extent of Plaintiff's injuries;
12. Any warranty by Defendant on the bicycle.

13. That the bicycle was cheaply made or of inferior quality;

14. That Plaintiff's husband asked questions of Defendant's employees about the bicycle prior to his purchase of it;

15. That anything prevented Plaintiff's husband from reading the sales ticket before signing it;

16. That Defendant's employee did not sign the sales ticket showing the inspection was completed as indicated;

17. That any other employee had physical contact or made adjustments or changes to the bicycle after the pre-sale inspection;

18. That Plaintiff's husband did not sign the sales ticket and freely initial the four paragraphs shown on the right side of the ticket, reflecting his agreement to the terms of sale; and

19. Personal details about Defendant's attorneys, including that they are from Chicago.

Further, though expert opinions from lay witnesses are not permitted, a lay witness may provide opinion testimony that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702 [of the Federal Rules of Evidence]." Fed. R. Evid. 701.

Additionally:

1. Counsel shall not state their personal opinions during opening statements or closing arguments;

2. No one at trial shall suggest to the jury that, by filing motions in limine, any party sought to exclude from proof any matter bearing on the issues of the rights of the parties;

3. Plaintiff shall not bring claims of negligent assembly, negligent training, breach of warranty, or inherent defect at trial; however, this does not preclude evidence of Defendant's tightening of the handlebars or failure to do so;

The rulings above represent agreements reached by the parties or issues conceded during briefing. If either party wishes to be heard further or seek reconsideration, that party may raise the

issue at the upcoming telephonic status conference. All other requests contained in the three motions in limine are taken under advisement.

    So ORDERED this 12th day of September, 2019.

s/ Joshua P. Kolar<br>
MAGISTRATE JUDGE JOSHUA P. KOLAR<br>
UNITED STATES DISTRICT COURT